Argued and submitted May 10, decision of the Court of Appeals reversed; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings August 4, reconsideration denied September 20, 1994

Gary NEHER,
Personal Representative of the
Estate of Julie Neher, deceased,
*Petitioner on Review,*

*v.*

Larry Lee CHARTIER,
and Tri-County Metropolitan Transportation
District of Oregon, a municipal corporation,
doing business under the
assumed business name of Tri-Met,
*Respondents on Review.*

(CC A9112-08001; CA A75617; SC S40950)

879 P2d 156

Elden M. Rosenthal, of Rosenthal & Greene, P.C., Portland, argued the cause for petitioner on review. With him on the brief was B. Carlton Grew, Portland.

John R. Faust, Jr., of Schwabe Williamson & Wyatt, Portland, argued the cause and filed the response for respondents on review.

David F. Sugerman, of Paul & Sugerman, Portland, filed a brief *amicus curiae* on behalf of the Oregon Trial Lawyers Association.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, filed a brief *amicus curiae* on behalf of the State of Oregon.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

ORS 30.265(3)(a), a part of the Oregon Tort Claims Act (OTCA), provides that public bodies and their officers, employees, and agents, acting within the scope of their employment, are immune from liability for claims for injury to or death of any person covered by any workers' compensation law. At issue in this case is whether ORS 30.265(3)(a) violates Article I, section 10,[1] or Article I, section 20,[2] of the Oregon Constitution. The Court of Appeals held that the statute violated neither provision of the Oregon Constitution. *Neher v. Chartier*, 124 Or App 220, 862 P2d 1307 (1993). For the reasons that follow, we conclude that the tort immunity provided by ORS 30.265(3)(a) violates Article I, section 10, of the Oregon Constitution, because it purports to immunize public bodies from tort liability as well as the public body's officers, employees, and agents of public bodies. Accordingly, we reverse the decision of the Court of Appeals.

The facts of this case are not complicated. Plaintiff's adult daughter, Neher, was struck and killed by a Tri-Met bus while she was crossing the street in a marked crosswalk and while a "walk" signal was on in the direction in which she was walking.[3] The bus was driven by defendant Chartier, an employee of defendant Tri-County Metropolitan Transportation District of Oregon (Tri-Met), who was acting within the scope of his employment.

Plaintiff, as personal representative of his daughter's estate, brought this wrongful death action against Chartier and

---

[1] Article I, section 10, of the Oregon Constitution, provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[2] Article I, section 20, of the Oregon Constitution, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[3] At the time of the accident, Neher was engaged in an activity that was covered under the Workers' Compensation Law. ORS ch 656.

Defendants alleged in an affirmative defense in their reply brief that, at the time of her death, Neher was covered by the Oregon Workers' Compensation Law. Plaintiff's reply admitted that Neher was covered by the Oregon Workers' Compensation Law.

Tri-Met. *See* ORS 30.020 *et seq* (describing actions for wrongful death).[4] Defendants moved for judgment on the pleadings, ORCP 21 B,[5] arguing that they were immune from liability under ORS 30.265(3)(a).[6] Plaintiff responded that, if ORS 30.265(3)(a) were construed as barring plaintiff from recovery for his daughter's wrongful death, then the statute would violate Article I, sections 10 and 20, of the Oregon Constitution.[7] The trial court granted defendants' motion and entered judgment in their favor.

On appeal, the Court of Appeals rejected plaintiff's challenge under Article I, section 10, noting that workers' compensation death benefits of up to $3,000 for burial expenses were available to the estate, ORS 656.204(1), and concluding that "we cannot say that the substitution of that remedy under the workers' compensation system for any remedies [plaintiff] would otherwise have had against Tri-Met or its driver, is a complete denial of a substantial remedy." *Neher v. Chartier, supra,* 124 Or App at 224.

The Court of Appeals also rejected plaintiff's challenge under Article I, section 20, on the ground that the prohibition against providing special treatment to favored individuals or classes of citizens applies only to a "true class" while the classifications on which plaintiff relied as a basis for

---

[4] ORS 30.020 provides in part:

"(1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, and for the benefit of any stepchild or stepparent whether that stepchild or stepparent would be entitled to inherit the personal property of the decedent or not, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."

[5] ORCP 21 B provides:

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."

[6] ORS 30.265(3) provides in part:

"Every public body and its officers, employees and agents acting within the scope of their employment or duties, * * * are immune from liability for:

"(a) Any claim for injury to or death of any person covered by any workers' compensation law."

[7] Plaintiff makes no statutory or federal constitutional argument.

the argument under Article I, section 20, were created by statute and not based on "antecedent personal or social characteristics or societal status." *Id.* at 227-28 (quoting *Hale v. Port of Portland*, 308 Or 508, 525, 783 P2d 506 (1989)). The Court of Appeals thus concluded that the trial court correctly had dismissed plaintiff's claim. *Id.* at 228.

On review, plaintiff argues that the $3,000 burial payment remedy provided under ORS 656.204(1) of the Workers' Compensation Law, if it is to be the exclusive remedy for the wrongful death of the decedent at the hands of a public employee, is a denial of a "substantial" remedy, in violation of Article I, section 10, of the Oregon Constitution. Plaintiff also contends that ORS 30.265(3)(a) violates Article I, section 20, of the Oregon Constitution, by granting tort immunity to the class comprised of public employees and by denying recovery to the parents of nondependent children covered by workers' compensation laws for their children's deaths, but while permitting recovery to parents of other children.

Defendants respond that Article I, section 10, is not violated because plaintiff is not left without a remedy, and because Article I, section 10, applies only to protect claims that were available under common law. Defendants also argue that plaintiff's rights under Article I, section 20, were not violated because, even if the Court of Appeals was incorrect in determining that the classes in question were created by statute, there was no invidious or otherwise constitutionally impermissible discrimination in differentiating between public employees and others.

■ There are three levels on which the interpretation of a provision of the Oregon Constitution must be addressed: "Its specific wording, the case law surrounding it, and the historical circumstances that led to its creation." *Priest v. Pearce*, 314 Or 411, 415-16, 840 P2d 65 (1992).

Article I, section 10, of the Oregon Constitution, provides in part that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." That "remedies" clause has no counterpart in the federal constitution, and the scope of its constitutional guarantees is less than clear from the words of the text,

leaving room for interpretation. *See, e.g.*, Schuman, *The Right to a Remedy*, 65 Temple L Rev 1197 (1992) (discussing interpretations of various remedies clauses in state constitutions and listing several possible ways to interpret Article I, section 10, in particular); Linde, *Without "Due Process,"* 49 Or L Rev 125 (1970) (discussing possible constitutional interpretations of Article I, section 10, in terms of whether its "due course of law" provision serves as a guarantee of procedural due process). This court's case law throughout the nineteenth and twentieth centuries interpreting Article I, section 10, likewise has failed definitively to establish and consistently to apply any one theory regarding the protections afforded by the remedies guarantee. *See* Schuman, *Oregon's Remedy Guarantee: Article I, Section 10 of the Oregon Constitution*, 65 Or L Rev 35, 40-41 (1986) (so noting).

This court summarized the application of the remedies guarantee to various governmental tort immunities in *Hale v. Port of Portland, supra*, 308 Or at 520-21, a case involving constitutional challenges to the damages limitation provisions of the OTCA:

> "Through a convoluted series of decisions by this court, the rule evolved that these charter provisions [absolving cities of liability in tort cases] did not violate Article I, section 10, so long as they did not wholly eliminate the injured party's remedies. For example, charter provisions absolving both the municipality and its officers from liability were invalidated, while those that did not eliminate the injured party's right to recover from the municipal corporation's officers were upheld.[9]

> "[9] *Compare, e.g., Mattson v. Astoria*, 39 Or 577, 65 P 1066 (1901) (charter provision invalid where it immunized both the city and its officers, thereby denying plaintiff any remedy); *Noonan v. City of Portland*, [161 Or 213, 248, 88 P2d 808 (1939)] (charter provision satisfied Article I, section 10, where it did not purport to immunize the city's officers from liability)." 308 Or at 519-20.

In *Hale*, 308 Or at 521, this court quoted with approval from *Noonan v. City of Portland*, 161 Or 213, 249-50, 88 P2d 808 (1939):

> " 'Article I, § 10, Oregon Constitution, was not intended to give anyone a vested right in the law either statutory or

common; nor was it intended to render the law static. Notwithstanding similar constitutional provisions in other states, the courts have sustained statutes which eliminated the husband's common law liability for the torts of his wife and which placed the wife upon an economic level with her husband. They have likewise sustained statutes which have abolished actions for alienation of affections, actions for breach of promise, etc. The legislature cannot, however, abolish a remedy and at the same time recognize the existence of a right[.]' " (Citations omitted.)

The *Hale* court went on to note that that passage in *Noonan* was consistent with the court's decision in *Evanhoff v. State Industrial Acc. Com.*, 78 Or 503, 154 P 106 (1915), which upheld the newly enacted workers' compensation system against an Article I, section 10, challenge. *Hale v. Port of Portland, supra*, 308 Or at 521. The *Hale* court concluded:

"*Noonan* and *Evanhoff* held only that Article I, section 10, is not violated when the legislature alters (or even abolishes) a cause of action, so long as the party injured is not left entirely without a remedy. Under those cases, the remedy need not be precisely of the same type or extent; it is enough that the remedy is a substantial one." *Id.* at 523 (citing *Noonan v. City of Portland, supra*; *Evanhoff v. State Industrial Acc. Com., supra*; *Perozzi v. Ganiere*, 149 Or 330, 40 P2d 1009 (1935); *Davidson v. Rogers*, 281 Or 219, 574 P2d 624 (1978)).

In a concurring opinion in *Hale*, Justice Linde noted, in regard to the Article I, section 10, question:

"[T]he court has allowed legislative immunization of cities from tort liability only on condition that the individuals who are personally responsible for harm qualifying as a legal injury remain liable. *Batdorff v. Oregon City*, 53 Or 402, 100 P 937 (1909); *Mattson v. Astoria*, 39 Or 577, 65 P 1066 (1901). This is analogous to altering or limiting the scope of *respondeat superior* rather than wholly depriving a plaintiff of a remedy in due course of law *for harm that no one has declared not to be a legal injury* when caused by public rather than private negligence. Because this case presents no claim against individual public 'officers or employees, or agents,' ORS 30.265, I concur with the court." *Id.* at 530. (Emphasis added.)

The present action, in essence, presents the question raised in Justice Linde's concurrence.

*Mattson v. Astoria, supra,* 39 Or at 578, involved a tort claim for an injury alleged to have been caused by the city's failure to repair a street. The city charter provided that "neither the City of Astoria nor any member of the council thereof shall in any manner be held liable for any damages resulting from a defective condition of any street, alley, or highway thereof." *Ibid.* This court held that the quoted provision violated Article I, section 10, of the Oregon Constitution:

> "That it is within the power of a legislature to exempt a city from liability to persons receiving injuries on account of streets being defective or out of repair, is unquestioned[.] * * * But in such case the injured party is not wholly without remedy. He may proceed personally against the officers to whom the charter delegates the duty of keeping the streets in repair, and from whose negligence the injury resulted." *Id.* at 579.

The court added:

> "[Article I, section 10,] was intended to preserve the common-law right of action for injury to person or property, and while the legislature may change the remedy or the form of procedure, attach conditions precedent to its exercise, and perhaps abolish old and substitute new remedies * * *, it can not deny a remedy entirely." *Id.* at 580.

Thus, in *Mattson,* the reason why immunity could not be extended to the officers as well as to the city was that it would have left the plaintiff "wholly without remedy," in violation of the remedies guarantee of Article I, section 10, of the Oregon Constitution.

Similarly, in *Batdorff v. Oregon City, supra,* 53 Or at 403-04, the plaintiff brought an action against the city and individual members of its council for an injury caused by failure to repair a sidewalk. The city's charter provided that the city would not be liable for injury arising out of conditions of streets or public grounds, but that that provision did "not exonerate any officer of Oregon City or any other person from such liability, when such casualty or accident is caused by the willful neglect of any duty enjoined upon such officer or person by law, or by the gross negligence or willful misconduct of such officer or person in any other respect." *Id.* at 404.

Again, this court struck down the provision under Article I, section 10:

> "If this clause be upheld as a valid exercise of the legislative will, it necessarily follows that a person will be remediless who sustains a pecuniary loss in consequence of an improved street being in a defective condition which was occasioned by ordinary negligence." *Id.* at 408-09.

The court's reasoning for striking down the charter provision under the remedies guarantee of Article I, section 10, was to avoid leaving certain plaintiffs without remedy.

■　　We do not interpret those cases to stand for the proposition that legislation extending tort immunity to public officers and employees is constitutionally infirm *per se* under Article I, section 10. Rather, they stand for the proposition that such legislation violates Article I, section 10, if the effect of the immunity provisions is to render tort plaintiffs "without remedy," *Mattson v. Astoria, supra*, 39 Or at 579, or "remediless," *Batdorff v. Oregon City, supra*, 53 Or at 408. That is consistent with the conclusion in *Hale v. Port of Portland, supra*, 308 Or at 523, that Article I, section 10, is not violated "so long as the party injured is not left entirely without a remedy," and "that the remedy is a substantial one."

　　Plaintiff concedes that Neher's *estate* is entitled, under the Workers' Compensation Law, ORS 656.204(1), to recover for "[t]he cost of burial, including transportation of the body, * * * not to exceed $3,000 in any case." Neher's estate as such, therefore, has not been left entirely without a remedy. The estate, however, is not the only real party in interest in the wrongful death action.

　　This action was brought by the personal representative of Neher's estate. Under the wrongful death statute, the personal representative of a decedent's estate does not bring a wrongful death action solely on behalf of the estate, but also "for the benefit of the decedent's * * * surviving parents." ORS 30.020(1). Damages under the wrongful death statute may be awarded that "[j]ustly, fairly and reasonably compensate the decedent's * * * parents for pecuniary loss and for loss of the society, companionship and services of the decedent." ORS 30.020(2)(d). Thus, although the decedent's

estate (for which a parent happens to serve as personal representative) has not been left "wholly without remedy," the surviving parents of the decedent, who otherwise would be entitled to recover under ORS 30.020(2)(d), *have* been left wholly without a remedy.

■      Defendants contend that there is no violation of Article I, section 10, even if the real parties in interest have been left without a remedy, because Article I, section 10, protects only rights that existed at common law before the adoption of the Oregon Constitution.[8] Although it is true that some of this court's older case law suggested that distinction, this court rejected that line of reasoning in *Noonan v. City of Portland, supra,* 161 Or at 249:

> "Article I, § 10, Oregon Constitution, was not intended to give anyone a vested right in the law either statutory or common; nor was it intended to render the law static. * * *. The legislature cannot, however, abolish a remedy and at the same time recognize the existence of a right[.]" (Citations omitted.)

As noted above, that language was quoted with approval in *Hale v. Port of Portland, supra,* 308 Or at 521. *See also* Schuman, *supra,* 65 Or L Rev at 44-49 (recognizing court's abandonment of line of cases that remedies clause froze the law as it existed in 1859).

In *Noonan v. City of Portland, supra,* unlike in *Batdorff* and *Mattson,* the limitation on a municipality's liability for negligently caused injuries did not violate Article I, section 10, because, although the limitation "withholds a remedy against the city, it recognizes a liability in the negligent officials and creates a right of action against the abutting property owner." *Noonan,* 161 Or at 248. Thus, while the existence of the right was recognized, the remedy was not abolished. In *Noonan,* this court recognized the legislature's ability to change the law, and in fact to abolish entirely a right of action,[9] whether or not the right involved had existed at

---

[8] This court has stated that "there is no common law cause of action for wrongful death." *Goheen v. General Motors Corp.,* 263 Or 145, 151, 502 P2d 223 (1972) (citing cases).

[9] *See, e.g., Noonan v. City of Portland,* 161 Or 213, 249, 88 P2d 808 (1930) (citing with approval statutes that have abolished common law rights); *Perozzi v. Ganiere,* 149 Or 330, 245-48, 40 P2d 1009 (1935) (upholding guest passenger statute).

common law at the time of the Oregon Constitutional Convention. In substance, the distinction between a statutory claim and a common law claim was abandoned for purposes of Article I, section 10, analysis. The legislature's ability to make such alterations to rights of action, however, was not unfettered: it could not "abolish a remedy and at the same time recognize the existence of a right." *Id.* at 249.

ORS 30.020 recognizes the existence of a right of recovery for surviving parents for damages to compensate them "for pecuniary loss and for loss of the society, companionship and services of the decedent." ORS 30.020(2)(d). ORS 30.265(3)(a), however, operates to abolish the parents' remedy under circumstances such as those present in this case, not only against the municipality, but against the municipality's negligent employees. Such a result is irreconcilable with this court's holdings in *Mattson v. Astoria, supra*; *Batdorff v. Oregon City, supra*; and *Noonan v. City of Portland, supra*. *See also Hale v. Port of Portland, supra*, 308 Or at 530 (Linde, J., concurring) (citing *Mattson* and *Batdorff*, and pinpointing potential OTCA problem).[10]

We conclude that ORS 30.265(3)(a), which provides that public bodies and their officers, employees, and agents, acting within the scope of their employment are immune from liability for claims for injury to or death of any person covered by any workers' compensation law, violates Article I, section 10, of the Oregon Constitution, because it has left plaintiff without a remedy.

Because we hold that plaintiff's wrongful death action was entitled to proceed on the basis of his arguments under Article I, section 10, we need not address his alternative arguments under Article I, section 20.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed. The case is remanded to the circuit court for further proceedings.

---

[10] Although interpretation of constitutional provisions generally entails an examination not only of the text and the case law, but also of the historical circumstances, *see Priest v. Pearce*, 314 Or 411, 415-16, 840 P2d 65 (1992), the parties have not brought to the court's attention any historical circumstances that shed light on the meaning of Article I, section 10, of the Oregon Constitution, and the court is aware of none.