Argued and submitted September 3, affirmed October 15, 1997

Duane A. BRENTANO,
*Appellant,*

*v.*

MARION COUNTY,
a political subdivision of the State of Oregon,
*Respondent.*

(95C-13705; CA A95886)

946 P2d 705

Gordon R. Hanna argued the cause for appellant. With him on the briefs was Donaldson, Albert, Tweet, Connolly, Hanna & Muñiz

Jane Ellen Stonecipher argued the cause for respondent. With her on the brief was Michael J. Hansen.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals a summary judgment entered in favor of defendant Marion County (the County) dismissing plaintiff's personal injury claims on grounds of statutory immunity. Plaintiff contends that the dismissal was in error, because the statute granting immunity to the County is unconstitutional. We affirm.

Plaintiff was an employee of Valley Landfills, Inc., and, while on the job, was injured at a Marion County solid waste disposal facility. Plaintiff filed a workers' compensation claim, which was accepted. Plaintiff ultimately was paid approximately $35,000 in workers' compensation benefits. Plaintiff also initiated this action against the County alleging that his injuries at the solid waste facility were a direct result of the County's negligence. The County answered and alleged, among other things, an affirmative defense of immunity under ORS 30.265(3)(a), which provides:

> "Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:
>
> "(a) Any claim for injury to or death of any person covered by any workers' compensation law."

Plaintiff moved to strike the affirmative defense on the ground that the Supreme Court declared ORS 30.265(3)(a) unconstitutional in *Neher v. Chartier*, 319 Or 417, 879 P2d 156 (1994). The trial court denied the motion. The County moved for summary judgment on its immunity defense, and the trial court granted the motion.

On appeal, plaintiff argues that the trial court erred in failing to strike the immunity defense and in entering summary judgment in favor of the County, because the statute was declared unconstitutional in *Neher*. The County replies that the *Neher* decision held that ORS 30.265(3)(a) was unconstitutional only as to the plaintiff in that case. Plaintiff in this case insists that the effect of the court's decision in *Neher* was to invalidate ORS 30.265(3)(a) entirely and as to all personal injury plaintiffs suing a public body.

In *Neher*, the plaintiff's daughter was killed when struck by a bus driven by an employee of a public body. The plaintiff brought a wrongful death action against the bus driver and the public body. The defendants moved for summary judgment on the basis of the immunity afforded by ORS 30.265(3)(a). The plaintiff argued that the statute violated, among other things, Article I, section 10, of the Oregon Constitution, which provides that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." The trial court granted the motion. We affirmed, holding that, because the plaintiff had a remedy in the form of workers' compensation death benefits, the statute was not unconstitutional. *Neher v. Chartier*, 124 Or App 220, 224, 862 P2d 1307 (1993), *rev'd* 319 Or 417, 879 P2d 156 (1994).

The Supreme Court reversed. After reviewing the case law construing Article I, section 10, the court explained:

> "We do not interpret those cases to stand for the proposition that legislation extending tort immunity to public officers and employees is constitutionally infirm *per se* under Article I, section 10. Rather, they stand for the proposition that such legislation violates Article I, section 10, *if the effect of the immunity provisions is to render tort plaintiffs 'without remedy'* * * *."

*Neher*, 319 Or at 426 (emphasis supplied; citations omitted). The court then noted that, although *the estate* of the victim had a remedy under the workers' compensation statutes, the surviving parent did not. And, because wrongful death actions are brought both on behalf of the estate and for the benefit of the surviving parents, the immunity statute left the surviving parent without a remedy. *Id.* at 426-27. The court concluded:

> "ORS 30.265(3)(a), which provides that public bodies and their officers, employees, and agents, acting within the scope of their employment are immune from liability for claims for injury to or death of any person covered by workers' compensation law, violates Article I, section 10, of the Oregon Constitution, *because it has left plaintiff without a remedy*."

*Id.* at 428 (emphasis supplied).

The court in *Neher* did not decide that ORS 30.265(3)(a) is facially invalid. The court expressly limited its reasoning and its holding to the facts of the case: The statute was held unconstitutional as applied to the plaintiff in *Neher* because the statute left *that plaintiff* wholly without a remedy. The same cannot be said in this case, in which plaintiff has received $35,000 in workers' compensation benefits. There is no argument that those benefits were not substantial. *See Hale v. Port of Portland*, 308 Or 508, 523, 783 P2d 506 (1989) ("it is enough that the remedy is a substantial one"). The trial court did not err in failing to strike the County's immunity defense and in entering summary judgment dismissing plaintiff's negligence claim.

Affirmed.