Argued and submitted August 1, 2000, affirmed March 14, 2001

Nora M. GUNN,
*Appellant,*

*v.*

LANE COUNTY, OREGON,
a political subdivision of the State of Oregon,
and Wendy E. Reese,
*Respondents.*

(16-98-21765; CA A106775)

20 P3d 247

David C. Force argued the cause for appellant. With him on the opening brief was David A. Vinson.

David B. Williams argued the cause and filed the brief for respondents.

Maureen Leonard and Kathryn H. Clarke filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Robert B. Rocklin, Assistant Attorney General, filed the brief *amicus curiae* for the State of Oregon.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

Armstrong, J., concurring.

**KISTLER, J.**

Plaintiff brought a negligence action against Lane County and its employee Wendy Reese for damages that plaintiff sustained in an automobile accident. The trial court substituted the county for Reese and dismissed plaintiff's claims against her. It then granted the county's motion for summary judgment because ORS 30.265 provides immunity to public bodies from claims that are covered by the workers' compensation statutes. Plaintiff appeals, arguing that the statutes on which the trial court relied violate Article I, section 10, and Article I, section 20, of the Oregon Constitution. We affirm.

While driving a truck for Lane County, Reese crossed over into the oncoming lane of traffic and hit plaintiff's car. Plaintiff was delivering mail for the United States Post Office when Reese's truck hit her. Both plaintiff and Reese were acting within the course of their employment when the accident occurred, and plaintiff's injuries arose out of her employment. Plaintiff received workers' compensation benefits for her injuries, but those benefits did not compensate her for all her injuries. Plaintiff did not recover compensation for the loss of future earnings, pain and suffering, facial scarring, and disfigurement. Plaintiff accordingly brought this action against Reese and the county to recover the balance of her damages.

Relying on ORS 30.265(1), Reese and the county moved to have the county substituted for Reese as the only defendant and to have all claims against Reese dismissed.[1] The county also moved for summary judgment on plaintiff's

---

[1] ORS 30.265(1) provides in relevant part:

"The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of their employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant."

remaining claims. In moving for summary judgment, the county relied on ORS 30.265(3)(a), which provides:

"Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a) Any claim for injury to or death of any person covered by any workers' compensation law."

The trial court granted both motions. Plaintiff then brought this appeal. On appeal, plaintiff does not argue that the trial court erred in applying the statutes. Rather, she argues that the statutory scheme, taken as a whole, violates both Article I, section 10, and Article I, section 20, of the Oregon Constitution.

■ We begin with plaintiff's Article I, section 10, argument. That provision states, in part, that "every man shall have remedy by due course of law for injury done him in his person, property or reputation." To the extent that plaintiff argues that ORS 30.265(3)(a) denies her a remedy against the county in violation of Article I, section 10, her argument fails. *See Hale v. Port of Portland*, 308 Or 508, 518, 783 P2d 506 (1989). The court explained in *Hale* that counties share the state's sovereign immunity from suit. *Id.*; *accord Gearin v. Marion County*, 110 Or 390, 395-96, 223 P 929 (1924); *Templeton v. Linn County*, 22 Or 313, 29 P 795 (1892). If the county is entitled to complete immunity from suit, a statute that gives plaintiff a limited right to sue the county does not deprive plaintiff of any remedy to which she had a right. *Hale*, 308 Or at 518.

■ Plaintiff argues alternatively that ORS 30.265(3) and ORS 30.265(1), together or singly, deny her a remedy against Reese, the county employee who injured her,[2] and thus violate Article I, section 10. Plaintiff starts from the proposition that historically employees of governmental bodies have not been immune from suit even if the governmental

_____

[2] ORS 30.265(1) accomplishes that result by substituting the county for Reese. ORS 30.265(3)(a) accomplishes the same result by providing that both the county and its employees are immune from liability for "[a]ny claim for injury to or death of any person covered by any workers' compensation law."

bodies are themselves immune. It follows, she reasons, that, to the extent that ORS 30.265(1) or ORS 30.265(3)(a) extends the county's immunity to Reese, those statutes violate Article I, section 10.

Although the cases interpreting Article I, section 10, do not all look in the same direction, *see Brewer v. Dept. of Fish and Wildlife*, 167 Or App 173, 2 P3d 418 (2000) (Landau, P. J., concurring), the Supreme Court has explained that, in deciding whether statutes that extend immunity to public employees comply with Article I, section 10, the relevant question is whether the statutory scheme provides an injured plaintiff with a substantial remedy. *Neher v. Chartier*, 319 Or 417, 426, 879 P2d 156 (1994). The court reasoned:

> "We do not interpret [the early Article I, section 10,] cases to stand for the proposition that legislation extending tort immunity to public officers and employees is constitutionally infirm *per se* under Article I, section 10. Rather, they stand for the proposition that such legislation violates Article I, section 10, if the effect of the immunity provisions is to render tort plaintiffs 'without remedy,' *Mattson v. Astoria*, [39 Or 577, 579, 65 P 1066 (1901)] or 'remediless,' *Batdorff v. Oregon City*, [53 Or 402, 408, 100 P 937 (1909)]. That is consistent with the conclusion in *Hale v. Port of Portland, supra*, 308 Or at 523, that Article I, section 10, is not violated 'so long as the party injured is not left entirely without a remedy,' and 'that the remedy is a substantial one.' "

*Id.* We accordingly held in *Brentano v. Marion County*, 150 Or App 538, 542, 946 P2d 705 (1997), that ORS 30.265(3)(a)—the statute plaintiff challenges here—constitutionally shields public bodies from liability when the workers' compensation statutes provide the plaintiff with a substantial remedy.

Here, plaintiff has a substantial remedy available under the workers' compensation statutes, and plaintiff does not argue otherwise. *See Neher*, 319 Or at 426; *Brentano*, 150 Or App at 542. Plaintiff focuses instead on the fact that, under ORS 30.265, she cannot pursue a claim against Reese individually that she otherwise could have under ORS

656.154. That argument, however, was resolved adversely to plaintiff in *Neher* and *Brentano*.[3]

■     Plaintiff also argues that ORS 20.265(1) and ORS 30.265(3)(a) violate Article I, section 20, to the extent that they extend immunity to government employees. Article I, section 20, provides:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

We note, as a preliminary matter, that Article I, section 20, protects only "true classes" from disparate treatment. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 610, 932 P2d 1145, cert den 522 US 994 (1997); *Tanner v. OHSU*, 157 Or App 502, 520, 971 P2d 435 (1998). A true class is one that is not created by the challenged statute itself and is defined in terms of characteristics independent of the challenged statute. *Tanner*, 157 Or App at 520.

In *Hale*, the court considered whether the Oregon Tort Claims Act denied victims of governmental torts the same remedy that was available to victims of private torts, in violation of Article I, section 20. The court explained that a class of "victims of governmental torts" exists as a separate class from the "victims of private torts" only because such a classification is inherent in a system that continues partial sovereign immunity. *Hale*, 308 Or at 525. Because the class resulted solely from the statute, it was not a true class and denying victims of governmental torts the privilege of recovering in court did not violate Article I, section 20. *Id.*

■     At first blush, plaintiff's Article I, section 20, argument is difficult to distinguish from the argument that the court considered in *Hale*. Like the statute in *Hale*, ORS 30.265 divides tort victims into two classes: those injured by government employees and those injured by private citizens. If the statute at issue in *Hale* did not distinguish between classes in a way that violates Article I, section 20, neither does ORS 30.265. Plaintiff, however, advances an additional

---

[3] In its *amicus* brief, the Oregon Trial Lawyers Association questions the Supreme Court's recent Article I, section 10, analysis. Whatever the merits of the *amicus*'s argument, it is for the Supreme Court to address.

and perhaps different argument from the one that the court addressed in *Hale*. She argues that ORS 30.265 violates Article I, section 20, because it provides immunity to a favored class—government employees—that is not available to other citizens. Plaintiff's Article I, section 20, argument here focuses on the class of persons who benefit from the statutory distinction instead of the class of persons who are disadvantaged by it.[4]

■    Even if we were to agree with plaintiff that the present case is somehow distinguishable from *Hale* and that government employees are a true class, that does not end the inquiry. We must also determine whether the class is a suspect class, which would warrant strict scrutiny, or a nonsuspect class, which would limit us to a deferential "rational basis" test. *See Tanner*, 157 Or App at 521-23 (discussing the different levels of scrutiny applied to statutes once true classes are established). Although our cases have not produced a precise definition of what constitutes a suspect class, we have asked whether the characteristics that define the class have "historically [been] regarded as defining distinct socially recognized groups that have been the subject of adverse social or political stereotyping or prejudice." *Tanner*, 157 Or App at 523; *see Hewitt v. SAIF*, 294 Or 33, 45, 653 P2d 970 (1982). As such, race, gender, alienage, religious affiliation, and sexual orientation are all suspect classes. *Tanner*, 157 Or App at 522-23 (reviewing cases in Oregon that have found certain classifications to be suspect).

■    A statute that distinguishes on the basis of government employment is not suspect. It does not define an immutable or "distinct, socially recognized group of citizens," nor have people, to any significant extent, been "the subject of adverse social and political stereotyping" on the basis of whether they are or are not employed by the government. *Tanner*, 157 Or App at 524. We are aware of no basis, and

---

[4] Plaintiff also argues that ORS 30.265(3)(a) violates Article I, section 20, because "the legislature can only immunize or limit the liability of municipal corporations if it maintains the right of an injured party to sue the individual municipal tortfeasor." Plaintiff's argument misperceives the limitation that Article I, section 20, places on the legislature. Article I, section 20, does not tell the legislature what privileges and immunities it may or may not grant. Rather, it requires only that whatever privileges and immunities the legislature grants be granted equally.

plaintiff identifies none, that would require us to apply strict scrutiny to laws that classify on the basis of government employment.

It follows that the challenged law will satisfy Article I, section 20, as long as "the classification * * * bear[s] some rational relationship to [a] legitimate end." *Withers v. State of Oregon*, 163 Or App 298, 309, 987 P2d 1247 (1999), *rev den* 331 Or 284 (2000). ORS 30.265 satisfies that test. The legislature reasonably could conclude that extending immunity to government employees is necessary to ensure that qualified persons will work for the government. To be sure, the legislature could also achieve that goal by agreeing to indemnify government employees from any liability they incur in carrying out the government's business, but that course would effectively undermine the state and county governments' own sovereign immunity. The legislature was not required to choose between these two legitimate goals. Rather, it reasonably could choose to achieve both goals by extending immunity to government employees. ORS 30.265(3)(a) does not violate Article I, section 20.

Affirmed.

**ARMSTRONG, J.,** concurring.

I concur in the majority's decision, which uses a rational basis analysis derived from decisions under the Fourteenth Amendment to address the final issue raised by plaintiff's appeal. That issue is whether a distinction made between true classes regarding an immunity from tort liability violates Article I, section 20, of the Oregon Constitution. I write separately to suggest that we may need to refine that analysis to reflect the distinctive nature of Article I, section 20.

The people adopted Article I, section 20, to prohibit the state from choosing to prefer some people or classes of people over others. When a law treats a suspect class of people differently with regard to a privilege or an immunity, we subject the law to heightened scrutiny because we suspect that the difference in treatment reflects a policy choice to prefer the favored class of people over the disfavored class. We look at arguable reasons for the difference in treatment to

determine whether our suspicion of impermissible favoritism is unfounded. The reasons for the difference in treatment are important only to the extent that they help us determine whether the legislature enacted the law for the impermissible reason of favoring one class of people over another.

When the affected classes are not suspect classes, our evaluation of the reasons for the difference in treatment between classes is less exacting because we do not suspect that the reasons include the impermissible reason of favoring one class of people over another. In that setting, the rational basis test could help us resolve the issue, as long as we do not lose sight of the underlying issue that the test is designed to help us resolve. If we can identify a rational basis for the difference in treatment *other* than the desire to favor one class over another, we may be satisfied that the legislature complied with Article I, section 20, in enacting the legislation. That may be an acceptable way to address the issue, so long as we recognize that the test does not impose an independent requirement that legislation be rational in order to be constitutional. However, our identification of a rational basis for an enactment other than the desire to favor one or more people or a class of people might not be determinative in the face of contrary information.

I am satisfied that the legislature did not enact the exemption in ORS 30.265 out of a desire to favor government employees over other classes of people, so I agree with the majority's decision to reject plaintiff's contention that the exemption violates Article I, section 20.