Argued and submitted December 28, 2021, affirmed October 4, 2023

Shirley "Joe" CRANDALL,
*Plaintiff-Appellant,*
*and*
Mary CRANDALL,
*Plaintiff,*
*v.*
STATE OF OREGON,
*Defendant-Respondent,*
*and*
Mitchell FULLER
and Tyler Womack,
*Defendants.*
STATE OF OREGON,
*Third-Party Plaintiff,*
*v.*
Donald ANDRESEN,
dba Eagle Fire,
*Third-Party Defendant.*

Jackson County Circuit Court
20CV10350; A174313

538 P3d 212

Plaintiff is a firefighter who was severely injured while fighting the Sugar Pine fire when his dozer went over a cliff; plaintiff received workers' compensation benefits for his injury. He brought tort claims based on the alleged negligence of two individual state employees involved in supervising the firefighting efforts. The Oregon Tort Claims Act, however, immunizes from liability "[e]very public body and its officers, employees and agents acting within the scope of their employment or duties" for "[a]ny claim for injury to or death of any person covered by any workers' compensation law." ORS 30.265(6)(a). Relying on that provision, the trial court granted summary judgment to the state and entered a limited judgment dismissing plaintiff's claims. In so doing, the court rejected plaintiff's argument that the application of ORS 30.265(6)(a) to bar his claims violates the remedy clause of Article I, section 10, of the Oregon Constitution. Plaintiff challenges that conclusion on appeal. *Held*: Applying the analytic framework set forth in *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), the Court of Appeals concluded that, in view of the case law reaffirmed by the Supreme Court in *Horton*, where, as here, a plaintiff has a remedy for an injury under the Workers' Compensation Act, the application of ORS 30.265(6)(a) to preclude tort remedies against third-party state employees does not violate the remedy clause of Article I, section 10.

Affirmed.

Timothy Barnack, Judge.

Andrew R. Wilson argued the cause for appellant. Also on the briefs was Black, Chapman, Petersen & Stevens.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

James S. Coon and Thomas, Coon, Newton & Frost filed the brief *amicus curiae* for Oregon Trial Lawyers' Association.

Before Kamins, Presiding Judge, and Lagesen, Chief Judge, and Jacquot, Judge.*

LAGESEN, C. J.

Affirmed.

_____
* Jacquot, J., *vice* James, J. pro tempore.

**LAGESEN, C. J.**

Plaintiff Shirley "Joe" Crandall is a firefighter who was severely injured while fighting the Sugar Pine fire when his dozer went over a cliff; plaintiff received workers' compensation benefits for his injury. In this action, he brings tort claims (negligence and employer liability law) based on the alleged negligence of two individual state employees involved in supervising the firefighting efforts. The Oregon Tort Claims Act (OTCA), however, immunizes from liability "[e]very public body and its officers, employees and agents acting within the scope of their employment or duties" for "[a]ny claim for injury to or death of any person covered by any workers' compensation law." ORS 30.265(6)(a). Relying on that provision, the trial court granted summary judgment to the state and entered a limited judgment dismissing plaintiff's claims.[1] In so doing, the court rejected plaintiff's argument that the application of ORS 30.265(6)(a) to bar his claims violates the remedy clause of Article I, section 10, of the Oregon Constitution.[2] Plaintiff challenges that conclusion on appeal. Applying the analytic framework set forth in *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), we conclude that the trial court was correct. In particular, we conclude that, in view of the case law reaffirmed by the Supreme Court in *Horton*, where, as here, a plaintiff has a remedy for an injury under the Workers' Compensation Act, the application of ORS 30.265(6)(a) to preclude tort remedies against third-party state employees does not violate the remedy clause of Article I, section 10. Accordingly, we affirm the limited judgment.

FACTUAL AND PROCEDURAL BACKGROUND

For purposes of appeal, the underlying facts are not in dispute. While plaintiff was working the Sugar Pine fire in 2018, the dozer he was driving went off of a cliff and

---

[1] Plaintiff's wife brought a claim for loss of consortium; the court did not dismiss that claim and it is not at issue on appeal.

[2] Article I, section 10, states, in relevant part: "[E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation." Some opinions refer to this clause as the "remedies clause." *See, e.g.*, *Neher v. Chartier*, 319 Or 417, 422-23, 879 P2d 156 (1994), *abrogated in part by Storm v. McClung*, 334 Or 210, 47 P3d 476 (2002). Other opinions refer to it as the "remedy clause." *See, e.g.*, *Horton v. OHSU*, 359 Or 168, 171, 376 P3d 998 (2016).

flipped three times. Plaintiff was severely injured. He was employed by Eagle Fire at the time, which had assigned him to work the Sugar Pine fire under the supervision and control of the Oregon Department of Forestry (ODF). Two ODF employees, Fuller and Womack, supervised the individuals working on the fire; Fuller was a supervisor and Womack was a heavy equipment boss.

After the accident, plaintiff submitted a claim for workers' compensation benefits. Plaintiff also brought this tort action against defendants Fuller, Womack, and the State of Oregon, alleging a claim that individual defendants were negligent in various respects, a claim under the Oregon Employers Liability Law, and a claim that the state was vicariously liable for the negligence of Fuller and Womack. Plaintiff sought $2,000,000 in noneconomic damages and $700,000 in economic damages for medical bills, lost wages, and impaired earning capacity; plaintiff also sought economic damages for future medical expenses in an amount to be proved.

The state moved to dismiss Fuller and Womack under ORS 30.265(3), on the ground that "the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment *** is an action against the public body." ORS 30.265(3). Plaintiff opposed the motion on the ground that he was seeking damages in excess of the tort claims cap, such that ORS 30.265(4) authorized the claims to proceed against the individuals. The trial court agreed with the state and dismissed Fuller and Womack from the case.

The state then moved for summary judgment on plaintiff's claims on the ground that those claims were for an injury covered by the workers' compensation law, and thus, under ORS 30.265(6)(a), the state was immune from liability on plaintiff's claims. Plaintiff opposed the motion, arguing that the application of that statute to bar his claims against the state and its employees would violate the remedy clause of Article I, section 10, of the Oregon Constitution. The trial court again agreed with the state and entered a limited judgment dismissing plaintiff's claims.

Plaintiff appealed, raising two assignments of error. Plaintiff first assigns error to the trial court's dismissal of Fuller and Womack, asserting that, under ORS 30.265(4), they should have remained in the case. Second, plaintiff assigns error to the trial court's determination that ORS 30.265(6)(a) barred plaintiff's claims. Plaintiff does not dispute that the statute, by its terms, applies to bar his claims. Instead, plaintiff argues, as he did below, that applying the statute to his claims violates his rights under the remedy clause of Article I, section 10. Plaintiff and *amicus curiae*, the Oregon Trial Lawyers Association (OTLA), also argue that, under *Horton*, ORS 30.265(6)(a) is unconstitutional on its face.

In response, the state argues that we need not address plaintiff's first assignment of error. That is because, by its terms, ORS 30.265(6)(a) immunizes from liability not just the state but also the individual defendants. *See* ORS 30.265(6)(a) (making immune "[e]very public body and its officers, employees and agents acting within the scope of their employment or duties" for "[a]ny claim for injury to or death of any person covered by any workers' compensation law"). Accordingly, the state reasons, it does not matter whether the trial court erred in dismissing Fuller and Womack under ORS 30.265(3), given the immunity supplied to them by ORS 30.265(6)(a). The state then argues that, under *Horton* and the prior case law that it revived, the application of ORS 30.265(6)(a) to limit plaintiff's remedy to the workers' compensation remedy, does not violate the remedy clause of Article I, section 10. Citing *City of Corvallis v. State of Oregon*, 304 Or App 171, 180-81, 464 P3d 1127 (2020), the state also asserts that plaintiff's argument does not supply a basis for facially invalidating ORS 30.265(6)(a) because "that argument does not extend to the full range of cases or circumstances to which the OTCA's workers'-compensation immunity may apply[.]"

## STANDARD OF REVIEW

Although this case was resolved on summary judgment, the facts are undisputed and the questions on appeal are solely ones of law. *Filipetti v. Dept. of Fish & Wildlife*, 224 Or App 122, 125, 197 P3d 535 (2008). Accordingly, we review for legal error. *Id.*

ANALYSIS

We begin by defining the scope of the issues we must resolve. We agree with the state that we need not address the question whether the trial court properly substituted the state for the individual defendants and dismissed those defendants, in view of the fact that ORS 30.265(6)(a) by its terms precludes the imposition of tort liability on either the state or the individuals. We also agree with the state that neither plaintiff's arguments, nor the arguments by *amicus*, provide a basis for facially invalidating ORS 30.265(6)(a) because those arguments center on why the statute, as applied to a person in plaintiff's situation, results in a remedy-clause violation. *City of Corvallis*, 304 Or App at 180-81 ("A statute is facially unconstitutional if it is incapable of constitutional application in any circumstance." (Internal quotation marks omitted.)). Accordingly, the question we must answer is whether ORS 30.265(6)(a), if applied to bar plaintiff's tort claims against individual state employees, violates the remedy clause of Article I, section 10.[3]

We start by explaining how, through its enactment of the Workers' Compensation Act and the OTCA, the legislature has adjusted the remedies available to an injured person in plaintiff's position. We then turn to the question of whether those legislative choices violate Article I, section 10, as applied to plaintiff. Ultimately, we conclude that they do not.

Under the common law, plaintiff would have been entitled to seek tort remedies against Fuller and Womack for harm alleged to be caused by their tortious conduct. *Horton*, 359 Or at 221-22; *Neher v. Chartier*, 142 Or App 534, 539, 923 P2d 653, *rev den*, 324 Or 323 (1996). As for the state, sovereign immunity would have precluded plaintiff's

---

[3] Because this case involves the state and its employees, our analysis is limited to the question whether the application of ORS 30.265(6)(a) to bar tort claims against state employees comports with the remedy clause. We allow for the possibility that a different analysis might apply in a case involving the employees of a public body other than the state; not all public bodies covered by the OTCA share the state's entitlement to sovereign immunity. *See Hale v. Port of Portland*, 308 Or 508, 529-30, 783 P2d 506 (1989). *abrogated by Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001) (Linde, J., concurring) (differentiating between the state and other public bodies and explaining how a public body's entitlement to sovereign immunity might bear on the remedy-clause analysis).

claims against it. *Horton*, 359 Or at 221-22. To the extent that plaintiff's employer played a role in his injuries, plaintiff would have been entitled to seek tort remedies against his employer. *See Sacher v. Bohemia, Inc.*, 302 Or 477, 482, 731 P2d 434 (1987) (describing remedies available at common law to worker injured on the job).

Through the Workers' Compensation Act and the OTCA, the legislature altered that common-law status quo by providing for workers' compensation benefits, by abrogating the state's sovereign immunity and providing for tort remedies against the state, and by restricting the availability of tort remedies against individual state employees in some circumstances, including those circumstances in which workers' compensation benefits are available.

First, as a result of the Workers' Compensation Act, a person injured on the job, as plaintiff was, is entitled to workers' compensation benefits for the injury, regardless of fault and without having to bring a lawsuit. ORS 656.202(1) ("If any subject worker sustains a compensable injury, the worker or the beneficiaries of the worker, if the injury results in death, shall receive compensation as provided in this chapter, regardless of whether the worker was employed by a complying or noncomplying employer."). Generally, the person retains the right to elect whether to pursue tort claims against third parties, although the legislature has immunized a number of third parties from liability for injuries covered by the Workers' Compensation Act. ORS 656.578; *see* ORS 656.154 ("If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person."); *see also Toole v. EBI Companies*, 314 Or 102, 109, 838 P2d 60 (1992) (discussing procedure governing claims against third parties for injuries covered by the workers compensation act); ORS 656.018 (identifying parties that are exempt from liability). For example, under current law, third parties generally exempt from liability include worker leasing companies, temporary services providers, and "the contracted agents, employees, partners, limited liability

company members, general partners, limited liability partners, limited partners" of the employer. ORS 656.018(3) - (5); *see Nancy Doty, Inc. v. WildCat Haven, Inc.*, 297 Or App 95, 97, 439 P3d 1018, *rev den*, 365 Or 556 (2019) (discussing how the immunity afforded by ORS 656.018 extends to parties other than the employer). If a person elects to pursue tort remedies, then the workers' compensation insurer (or self-insured employer) is entitled to a lien on the proceeds of damages recovered under ORS 656.593. In other words, the scheme is not one that contemplates double recovery for a particular injury.

Second, as a result of the OTCA, and the partial waiver of the state's sovereign immunity that it implements, a person injured by the negligence of a state employee acting within the scope of their employment generally has a cause of action for tort damages against the state, in lieu of a cause of action against an individual state employee, subject to a damages cap. ORS 30.265(1), (2); *Horton*, 359 Or at 221-22. As the Supreme Court explained in *Horton*, with respect to injuries caused by state employees, the OTCA generally expands the potential for recovery by injured plaintiffs by making the state responsible for paying damages up to the statutory cap, effectively guaranteeing payment up to the cap, an assurance not available when a plaintiff's only recourse was against the individual employee or employees. That is, it

> "gives plaintiffs something that they would not have had if the state had not partially waived its immunity. The act ensures that a solvent defendant will be available to pay any damages up to [the statutory cap]—an assurance that would not be present if the only person left to pay an injured person's damages were an uninsured, judgment-proof state employee."

*Horton*, 359 Or at 222-23. The legislature did not, however, extend that benefit to all potential plaintiffs. Rather, as this case reflects, the legislature retained the state's immunity—and granted immunity to the state's employees—with respect to claims for injury or death for which there is workers' compensation coverage. ORS 30.265(6)(a).

In a nutshell, then, through its combination of choices in the Workers' Compensation Act and the OTCA, the legislature has altered the common-law status quo as follows. At common law, a nonstate employee injured by the alleged negligence of the state employee could file a tort action seeking damages from the individual state employee and, as a practical matter, could recover those damages if the state employee had the resources to pay them. Sovereign immunity barred the injured individual from recovering damages against the state. Under the current statutes, a nonstate employee injured by the alleged negligence of a state employee receives workers' compensation benefits if the injury is covered by the workers' compensation law and cannot sue the individual state employees. As was the case at common law, such an individual still cannot recover damages from the state. If the workers' compensation law does not cover the injury, then the individual has a tort remedy against the state, rather than the individual employees, a remedy not available at common law. Setting aside the potential application of some other form of immunity, the net result of the legislative choices is that every person injured by the tortious conduct of a state employee has some form of remedy designed to ensure some form of compensation, whether it be workers' compensation or tort remedies against the state, up to the damages caps.

The remaining question is whether the legislature's decision to limit a person in plaintiff's position to the worker's compensation remedy violates Article I, section 10. *Horton* supplies the framework for that analysis. In *Horton*, the court explained that, contrary to its previous conclusion in *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001) *overruled by Horton*, 359 Or at 218, Article I, section 10, does not "lock[] courts and the legislature into a static conception of the common law as it existed in 1857." *Horton*, 359 Or at 218-19. Rather, under the Oregon constitution, as recognized in Article XVIII, section 7,[4] "one of the functions of the legislature is to adjust the duties that one person owes another and the remedies for a breach of that

---

[4] "All laws in force in the Territory of Oregon when this Constitution takes effect, and consistent therewith, shall continue in force until altered, or repealed." Or Const, Art XVIII, § 7.

duty as societal conditions change." *Id*. at 220. Thus, evaluating whether the legislature's performance of that function violates Article I, section 10, requires a consideration of "the extent to which the legislature has departed from the common-law model measured against its reasons for doing so." *Id*.

The court also identified three types of legislation affecting common law remedies: (1) legislation that does not alter a legal duty but completely denies a remedy for an injury caused by a breach of that duty; (2) legislation that adjusts "rights and remedies as part of a larger statutory scheme that extends benefits to some while limiting benefits to others"; and (3) legislation that either modifies common-law duties or eliminates common-law causes of action. *Horton*, 359 Or at 219. The court explained that legislation falling within the first category violates the remedy clause. *Id*. In determining whether legislation in the second category comports with the remedy clause, a court assesses "whether the reduced benefit that the legislature has provided an individual plaintiff is 'substantial' in light of the overall statutory scheme," taking into account the nature of the legislative "quid pro quo" in limiting benefits to some while extending benefits to others. *Id*. Finally, determining whether legislation in the third category comports with the remedy clause requires an assessment of "whether the common-law cause of action that was modified continues to protect core interests against injury to persons, property, or reputation or whether, in light of changed conditions, the legislature permissibly could conclude that those interests no longer require the protection formerly afforded them." *Id*. at 219-20.

Finally, the court explained that, in view of its conclusion that *Smothers* was decided incorrectly, it was "reaffirm[ing] our remedy clause decisions that preceded *Smothers*, including the cases that *Smothers* disavowed." *Id*. at 218. The court advised further that its post-*Smothers* "cases must be taken with a grain of salt." *Id*. at 220. The court nevertheless reaffirmed one principle drawn from those cases: "When the legislature does not limit the duty that a defendant owes a plaintiff but does limit the size or

nature of the remedy, the legislative remedy need not restore all the damages that the plaintiff sustained to pass constitutional muster, but a remedy that is only a paltry fraction of the damages that the plaintiff sustained will unlikely be sufficient." *Id.* at 220-21 (citations omitted).

With those principles in mind, we turn to the question whether ORS 30.265(6)(a) violates the remedy clause. Plaintiff and *amicus* OTLA first argue that ORS 30.265(6)(a) falls in the first category of legislation and, for that reason, violates the remedy clause as a matter of law. Alternatively, plaintiff and OTLA argue that, if ORS 30.265(6)(a) falls within the second category of legislation identified in *Horton*, it does not provide plaintiff with a substantial remedy.[5] On the second point, their main argument is that the OTCA does not provide a substantial remedy because, in their view, it does not provide a person in plaintiff's position with a quid pro quo for eliminating the cause of action against the individual state employees.

As for the first argument, plaintiff's theory is that the legislature has not altered the individual defendants' common-law obligation to act non-negligently with respect to foreseeable risks to plaintiff's person, but that the legislature, by enacting ORS 30.265(6)(a) has eliminated the common-law tort remedy for breach of that common-law obligation: "By enacting the workers compensation immunity under the [OTCA]," the legislature has provided that plaintiff "is no longer allowed to seek redress against his third-party state employee supervisors." Accordingly, the legislation "completely eliminates a remedy that was available to him prior to the enactment of the OTCA." Plaintiff reasons that this makes ORS 20.265(6)(a) an impermissible category one law.

Plaintiff is correct that the OTCA eliminates a remedy that was available to him at common law, and that was available to him until the legislature enacted the OTCA. But to fall within the first category of legislation identified in *Horton*, the legislation at issue must "den[y] a person

---

[5] No one argues that ORS 30.265(6)(a) falls within the third category of legislation identified in *Horton*.

injured as a result of a breach of [ ] duty *any* remedy." *Horton*, 359 Or at 219 (emphasis added).

Here, plaintiff has a remedy for this injury; the legislature has ensured that a person in plaintiff's position has a workers' compensation remedy. Beyond that, it is worth observing that as a result of the legislative choices made in both the Workers' Compensation Act and the OTCA, plaintiff's remedy for his injury, although different from what it would have been at common law, is more certain. As noted, at common law, plaintiff would have been limited to tort remedies against the individual—possibly judgment-proof—state employees and, potentially, a tort remedy against his employer, if his employer's negligence played a role in the injury. Because of the state's sovereign immunity, plaintiff would not have been able to seek a remedy against the state. As in any tort case, whether and to what extent plaintiff would recover damages would be uncertain. By contrast, the current legislative scheme assures that plaintiff has a certain remedy for his injuries in the form of worker's compensation benefits. Accordingly, we reject the contention that ORS 30.265(6)(a) falls within the first type of legislation identified in *Horton*.

Plaintiff's second argument is that ORS 30.265(6)(a), if it falls within *Horton*'s second category, leaves plaintiff without a substantial remedy. Plaintiff and OTLA emphasize in particular that in enacting the OTCA, the legislature did not provide a quid pro quo to individuals in plaintiff's position. Rather, for persons injured on the job by third-party state employees, the legislature simply eliminated the ability of those persons to sue the third-party state employees without providing any corresponding benefit to persons in plaintiff's position. The state responds that, under *Busch v. McInnis Waste System, Inc.*, 366 Or 628, 468 P3d 419 (2020), the existence of a quid pro quo is merely one consideration in assessing whether the legislature's alteration of a common-law remedy violates the remedy clause. The state argues further that the OTCA, combined with the Workers' Compensation Act, reflect a legislative quid pro quo because "the OTCA represents an overall scheme that confers meaningful benefits on a broad class of injured persons," ensuring,

in essence, some form of remedy for the persons injured by the torts of state employees. Finally, pointing to the fact that *Horton* overruled *Smothers* and reaffirmed prior cases concluding that a workers' compensation remedy comports with Article I, section 10, the state argues that the remedy available to plaintiff is a substantial one that is constitutionally sufficient.

For the reasons that follow, we agree with the state.

First, even if plaintiff is correct that the combined effect of the OTCA and the Workers' Compensation Act do not result in the type of legislative quid pro quo contemplated by *Horton*—an issue we do not decide—*Busch* makes clear that the existence of a quid pro quo is just one factor that bears on the assessment of whether the legislature's adjustment to the remedies available at common law comports with the remedy clause. *Busch*, 366 Or at 650 (explaining that court's "cases do not establish that a *quid pro quo* always will be necessary, or even sufficient, to sustain [] a statute against a remedy-clause challenge"); *see Horton*, 359 Or at 221 (discussing factors, including the existence of a quid pro quo, that "bear on our evaluation of the substantiality of the remedy that the [OTCA] provides"). Thus, in the case of category two legislation, we understand the heart of the remedy-clause issue to remain whether a person retains a substantial remedy for a recognized injury to their person or property.

Second, under the pre-*Smothers* case law, the legislature's decision to eliminate tort remedies for an injury covered under the Worker's Compensation Act comports with Article I, section 10, because, under that case law, the workers' compensation law affords a person in plaintiff's position a substantial remedy for the purpose of Article I, section 10. As noted, the Supreme Court reaffirmed its pre-*Smothers* case law in *Horton*. *Horton*, 359 Or at 218. As the parties recognize in their arguments to us, one such case necessarily reaffirmed was *Neher*. In *Neher*, the court explained that immunizing public officers and employees from tort liability does not violate Article I, section 10, so long as the injured person retains a substantial remedy:

> "We do not interpret [our] cases to stand for the proposition that legislation extending tort immunity to public officers and employees is constitutionally infirm *per se* under Article I, section 10. Rather, they stand for the proposition that such legislation violates Article I, section 10, if the effect of the immunity provisions is to render tort plaintiffs without remedy or remediless. That is consistent with the conclusion in *Hale v. Port of Portland*, [308 Or 508, 523, 783 P2d 506 (1989)], that Article I, section 10, is not violated so long as the party injured is not left entirely without a remedy, and that the remedy is a substantial one."

*Neher*, 319 Or at 426 (internal quotation marks and citations omitted).[6]

In *Gunn v. Lane County*, 173 Or App 97, 20 P3d 247 (2001), *rev den*, 334 Or 631 (2002), we applied that principle from *Neher* to reject an argument nearly identical to the one plaintiff raises here. There, the plaintiff brought a negligence action against a county employee for injuries sustained in an automobile accident; the plaintiff had received workers' compensation benefits for her injuries. *Gunn*, 173 Or App at 99. The trial court substituted the county for its employee and granted summary judgment to the county under ORS 30.265(6)(a).[7] On appeal, like plaintiff here, the plaintiff argued that the application of the statute violated the remedy clause because it deprived her of her common-law claim against the individual employee. *Id.* at 101-02. Pointing to *Neher*, we rejected that contention. *Id.*[8] We explained that,

---

[6] We note that *Neher* addressed whether the application of ORS 30.265(6)(a) to deprive a plaintiff of a wrongful death remedy violated the remedy clause. In *Storm*, 334 Or at 222-23, relying in part on *Smothers*, the court disavowed *Neher* insofar as it concluded that a restriction on a wrongful death action could implicate the remedy clause. *Storm*, 334 Or at 222-23. The court reasoned that Article I, section 10, imposed no restriction on the legislature's ability to alter legislatively created causes of action. *Id*. No party suggests that *Storm* calls into question *Neher*'s conclusion that immunity provisions do not violate Article I, section 10, provided an injured person retains a substantial remedy. Further, in any event, *Horton*'s rejection of *Smothers*, and its recognition of the role of the legislature in adjusting rights and remedies over time, necessarily calls *Storm* into question.

[7] At the time, what is now ORS 30.265(6)(a) was numbered ORS 30.265(3)(a). Although the numbering of the provision has changed over time, its content has not. For ease of reading, we refer to the OTCA workers' compensation immunity provision by its current numbering (ORS 30.265(6)(a)) throughout this opinion, even when discussing cases decided at a time when it was numbered differently.

[8] In addition to *Neher*, we relied on our own decision in *Brentano v. Marion County*, 150 Or App 538, 541-42, 946 P2d 705 (1997). *Gunn*, 173 Or App at 100-02.

under *Neher*, "the relevant question is whether the statutory scheme provides an injured plaintiff with a substantial remedy." *Id*. Because the plaintiff retained a substantial remedy under the Workers' Compensation Act, the grant of immunity to the individual employee did not violate the plaintiff's rights under Article I, section 10.[9]

*Gunn* is not materially distinguishable from this case and, in our view, disposes of plaintiff's argument that he has been deprived of a substantial remedy by the OTCA. Plaintiff nevertheless argues that *Neher*—the decision on which *Gunn* relied—supports the contrary conclusion. Plaintiff points to the fact that, in *Neher*, the Supreme Court concluded that in that instance, the OTCA's workers' compensation immunity provisions did deprive the plaintiff of a substantial remedy and urges us to conclude that the same has happened here.

Plaintiff is correct that *Neher* concluded that the application of the OTCA immunity provisions violated the remedy clause in that case. The circumstances in *Neher*—which involved an action on behalf of the deceased worker's estate and surviving parent—were different. In that case, as we explained in our decision in *Brentano*, the immunity provision operated to leave the surviving parent "wholly without a remedy." *Brentano*, 150 Or App at 542. That complete deprivation of any remedy was what resulted in the remedy-clause violation. *Id*.

By contrast, where an injury is covered by workers' compensation benefits, such that an injured party receives compensation for the injury, the Supreme Court and our court have consistently viewed those benefits as a constitutionally sufficient remedy for purposes of Article I,

---

In *Brentano*, based on *Neher*, we held that the OTCA's grant of immunity with respect to claims for injuries or death for which there was workers' compensation coverage did not violate the remedy clause where the plaintiff had received workers' compensation benefits for his injury. *Brentano*, 150 Or App at 541-42.

[9] We note that in *Atkinson v. Fairview Dairy Farms*, 190 Or 1, 222 P2d 732 (1950), the court rejected a similar argument that the legislature's elimination of a tort claim against a third party for an injury covered by the workers' compensation law violated the remedy clause of Article I, section 10. *Atkinson*, 190 Or at 13-14. Much as it did in *Neher*, the court reasoned that the elimination of the common-law remedy was permissible because the plaintiff "was given a remedy (compensation) in lieu of the common law remedy he had lost." *Id*. at 13.

section 10, notwithstanding the fact that the benefits displace tort claims. *See Atkinson*, 190 Or at 13-14; *Evanhoff v. State Industrial Acc. Com.*, 78 Or 503, 517-18, 154 P 106 (1915); *Stone v. Finnerty*, 182 Or App 452, 463-64, 50 P3d 1179, *modified on other grounds on recons*, 184 Or App 111, 55 P3d 531 (2002), *rev den*, 335 Or 422 (2003) (application of OTCA workers' compensation immunity provisions to bar battery claim did not violate Article I, section 10, where the plaintiff received workers' compensation benefits for the injury caused by the battery); *Gunn*, 173 Or App at 101-02; *Brentano*, 150 Or App at 541-42. That is so even when "certain types of damage were not compensated" by the workers' compensation benefits. *Stone*, 182 Or App at 462-63. In view of that case law, we are not persuaded that the application of ORS 30.265(6)(a) to bar plaintiff's claims against the individual state employees violates the remedy clause, given that plaintiff has a workers' compensation remedy.

In sum, the trial court correctly concluded that ORS 30.265(6)(a) bars plaintiff's tort claims, and correctly concluded that the application of that provision does not violate plaintiff's right to a remedy under Article I, section 10. Accordingly, we affirm the limited judgment.

Affirmed.