Argued and submitted April 29, reversed and remanded June 8, 1983

# DONALD JAMES MERCER,
*Respondent,*
*v.*
# STATE OF OREGON,
*Appellant.*

(591; CA A26415)

664 P2d 429

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Frank L. DeSimone, Medford, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals from a pretrial order granting petitioner's "motion for return or restoration of things seized." ORS 133.633.[1] We reverse and remand.

■     The items that the trial court ordered returned to petitioner included 11 marijuana plants, cultivation equipment, assorted "pot" paraphernalia (pipes, roach clips and the like) and related objects. Petitioner claims that these items were unlawfully seized, because the search warrant authorizing the seizure did not adequately designate the property to be searched.[2]

Given the narrow issue before us, we look only to the search warrant and its attachments for the pertinent facts.[3] The warrant authorizes a search of "certain property described in the attached exhibits * * * as well as the dwelling located thereon." There are two attached exhibits. Exhibit A includes a copy of a one-page "MEMORANDUM OF AGREEMENT" relating to a sale of real property and signed by petitioner as "PURCHASER." At the bottom it recites that "[t]ax statements should be sent to: 313 Granite St., Ashland Or 97520," which is in fact the street address of the subject property. Attached to this document is a "metes and bounds" legal description of the premises. Exhibit B is a plot map of the general area. A parcel having the same dimensions and calls as the property described in Exhibit A is accentuated by heavy ink outlining, and an arrow points to the area enclosed. The parties have stipulated that a surveyor was not used in locating the premises.

---

[1] Simply put, petitioner wants his things back. ORS 133.633 provides, in part:

"(1)  Within 90 days after actual notice of any seizure, or at such later date as the court in its discretion may allow:

"(a)  An individual from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises from which they were seized.

"* * * * *"

[2] Petitioner's marijuana plants are *contraband* and, as such, are not returnable in any event.

[3] The address of the residence and the lot to be searched appears in the affidavit supporting the request for the warrant; however, the affidavit was *not* one of the "attachments" to the warrant.

Petitioner contends that the warrant and attachments together do not meet the constitutional and statutory standards for particularity and definiteness. The thrust of this position is that the state, by electing to describe the property in the most technical manner possible, placed too great a burden on the police officer charged with executing the warrant and created the risk that neighboring premises would be subjected to unreasonable intrusions. According to petitioner, this risk could have been avoided if the state had either described the property in a commonsense, nontechnical manner by using the street address, or had enlisted the aid of a surveyor.

The Fourth Amendment and Article I, section 9, of the Oregon Constitution, both require that a search warrant contain language "particularly describing the place to be searched." The same requirement is also found in ORS 133.565(2)(b). The Supreme Court observed in *State v. Cortman,* 251 Or 566, 569, 446 P2d 681 (1968), *cert den* 394 US 951 (1969):

> "The purpose of the particular-description requirement is to narrow the scope of the search to those premises for which a magistrate has found probable cause to authorize the search. When the warrant designates the premises by means that will properly limit the search, there is little risk that other premises will be subjected to unreasonable examination. * * *"

The court further elucidated the historical basis for the constitutional requirement of particularity in *State v. Blackburn/Barber,* 266 Or 28, 34, 511 P2d 381 (1973). There the court noted:

> "* * * It has been explained that 'the historical motivation for this constitutional mandate was a fear of "general warrants," giving the bearer an unlimited authority to search and seize.' More specifically, the aim of the requirement of particularity is to protect the citizen's interest in freedom from governmental intrusion through the invasion of his privacy. If the search warrant describes premises in such a way that it makes possible the invasion of this interest in privacy without the foundation of probable cause for the search, the warrant is too broad and therefore constitutionally defective." (Footnotes omitted.)

In testing a search warrant for definiteness, it is sufficient if the description is such that the officer executing the warrant can ascertain with reasonable effort the identity of the

place intended to be searched. *State v. Blackburn/Barber, supra,* 266 Or at 35; *State v. Cortman, supra,* 251 Or at 568-69; *see also State v. Eaton,* 60 Or App 176, 183, 653 P2d 250 (1982). The relevant question is "whether a police officer can execute the warrant without straying into premises which he has no authority to enter." *State v. Cortman, supra,* 251 Or at 569.

A police officer considering the description in the warrant and attachments in this case would certainly note the following: (1) Only a single parcel of land is involved. (2) The city, county and state are identified. (3) The plot map (Exhibit B), on which the property is clearly outlined, delineates the location of the property in relation to three streets and certain other community reference points, including a named park and a creek. (4) The dimensions and calls set forth in the plot map correspond with the legal description in Exhibit A. (5) Petitioner's name appears on Exhibit A as purchaser of the land, and there is a notation setting out the street address to which property tax statements are to be sent. Given that description and location, the accuracy of which is undisputed, the name of the owner and an address, an officer could, with minimal diligence, put all of that information together and locate "the place to be searched" without the assistance of a surveyor or anyone else. Arguably, the description may have been more detailed than necessary; however, that is not a basis for finding fault with the warrant procedures followed in this case.

■     We hold that the description was sufficiently definite and understandable to enable a police officer to distinguish the property to be searched from other neighboring property and to locate and identify it "with reasonable effort."

Reversed and remanded.