Argued and submitted October 5, 2011, reversed on appeal; affirmed on cross-appeal February 27, 2013

STATE OF OREGON,
*Plaintiff,*

*v.*

DWIGHT THOMAS EHRENSING,
*Defendant-Respondent*
*Cross-Appellant,*

*and*

John W. HANLIN,
Douglas County Sheriff,
*Appellant*
*Cross-Respondent.*

Douglas County Circuit Court
06CR2338FE; A146027

296 P3d 1279

Paul E. Meyer, Douglas County Counsel, argued the cause and filed the briefs for appellant-cross-respondent.

Brian Michaels argued the cause and filed the briefs for respondent-cross-appellant.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

HASELTON, C. J.

## HASELTON, C. J.

The Douglas County Sheriff appeals two orders directing him to return a portion of usable, packaged marijuana—which had been seized from defendant's property pursuant to a search warrant—to defendant, defendant's wife, and three individuals, all of whom hold registry identification cards pursuant to the Oregon Medical Marijuana Act (OMMA). ORS 475.300 - 475.346. Defendant cross-appeals, assigning error to the court's denial of his motion for attorney fees predicated on ORS 20.105. For reasons amplified below, we conclude with respect to the appeal that (1) under the circumstances of this case, the OMMA does not provide for return of the seized marijuana; and (2) because defendant cannot "lawfully possess" marijuana under federal law—*viz.*, the Controlled Substances Act (CSA), 21 USC sections 801 to 971—he does not have a "valid claim to rightful possession" under the operative evidence return statute, ORS 133.643. Accordingly, we reverse the return orders. That disposition, in turn, forecloses the cross-appeal.

The material facts in this case are undisputed. Defendant holds a registry identification card and grew marijuana for multiple other cardholders. ORS 475.309.[1] In 2006, pursuant to a search warrant, state law enforcement officers searched defendant's residence and seized live

---

[1] ORS 475.309 provides, in part:

"(1) Except as provided in ORS 475.316, 475.320 and 475.342, a person engaged in or assisting in the medical use of marijuana is excepted from the criminal laws of the state for possession, delivery or production of marijuana, aiding and abetting another in the possession, delivery or production of marijuana or any other criminal offense in which possession, delivery or production of marijuana is an element if the following conditions have been satisfied:

"(a) The person holds a registry identification card issued pursuant to this section, has applied for a registry identification card pursuant to subsection (9) of this section, is the designated primary caregiver of the cardholder or applicant, or is the person responsible for a marijuana grow site that is producing marijuana for the cardholder and is registered under ORS 475.304; and

"(b) The person who has a debilitating medical condition, the person's primary caregiver and the person responsible for a marijuana grow site that is producing marijuana for the cardholder and is registered under ORS 475.304 are collectively in possession of, delivering or producing marijuana for medical use in amounts allowed under ORS 475.320."

marijuana plants and packages of dried marijuana. The state charged defendant with unlawful manufacture of marijuana, ORS 475.856, unlawful delivery of marijuana, ORS 475.860, unlawful possession of marijuana, ORS 475.864, and asserted that the seized items were subject to criminal forfeiture, ORS 131.550 to 131.602.

On September 20, 2006, defendant filed a pretrial motion for the return of marijuana to three cardholders for whom defendant had grown marijuana. The state opposed the motion, arguing at a hearing that the state needed the marijuana for evidentiary purposes. Notwithstanding the state's opposition, the trial court allowed the motion and issued a return order, requiring the sheriff to return a portion of the seized marijuana. The state filed a motion to reconsider, arguing, *inter alia*, that return and receipt of the marijuana would "arguably" violate federal law. The sheriff filed a motion to intervene and a motion to reconsider the return order, arguing, in part, that the CSA preempted the OMMA return provisions. The court allowed the sheriff to intervene, but denied both the state's and the sheriff's motions to reconsider. Consequently, the return order remained effective. That order—which is *not* the same order as the one at issue in this appeal—was the subject of *State v. Ehrensing*, 232 Or App 511, 223 P3d 1060 (2009) (*Ehrensing I*).[2]

Defendant was not brought to trial during the pendency of *Ehrensing I*. On December 1, 2009, a week before our decision in *Ehrensing I* issued, defendant moved for dismissal of all charges on constitutional and statutory

---

[2] In *Ehrensing I*, we dismissed the appeal because "it fail[ed] to present any justiciable issue." 232 Or App at 513. In so holding, we concluded that various aspects of the purported dispute were either "moot" or "not ripe for review," *id.* at 516, for the following reasons: (1) pursuant to a return order, the sheriff had returned eight ounces of the seized marijuana to each of the three cardholders and the state conceded "that the released marijuana could not be retrieved," *id.* at 518; (2) retention of the marijuana was not necessary to prove the charged conduct, *id.* at 519; and (3) "[a]ny dispute over the marijuana still being held by the sheriff would * * * be based on future events of a hypothetical nature," *id.* at 520.

Given that disposition, our majority opinion did not address the substance of the sheriff's preemption arguments. *Id.* at 518 n 4. The concurring opinion, while joining in the nonjusticiability disposition, took issue with the dissenting opinion's analysis of the merits—and, particularly, the dissent's conclusion that the trial court's return order should be reversed because of purported noncompliance with the requisites of ORS 475.323(2). *Compare* 232 Or App at 521-25 (Sercombe, J., concurring) *with id.* at 527-32 (Edmonds, P. J., dissenting).

speedy trial grounds.[3] Or Const, Art I, § 10; ORS 135.747. The trial court granted the motion under ORS 135.747 and, consequently, entered a judgment of dismissal on February 1, 2010.

Defendant subsequently filed a motion for return of the remainder of the usable seized marijuana to himself, his wife, and three cardholders for whom he had grown the marijuana. That motion invoked ORS 133.643(3) and (4), which provide:

"A motion for the return or restoration of things seized shall be based on the ground that the movant has a valid claim to rightful possession thereof, because:

"\* \* \* \* \*

"(3) The movant, by license or otherwise, is lawfully entitled to possess things otherwise subject to seizure under ORS 133.525 to 133.703;

"(4) Although the things seized were subject to seizure under ORS 133.525 to 133.703, the movant is or will be entitled to their return or restoration upon the court's determination that they are no longer needed for evidentiary purposes[.]"

Defendant contended that the cardholders have a "property interest in the marijuana seized" based on their cardholder status and the OMMA provisions that recognize a property interest in medical marijuana. Specifically, ORS 475.304(5) provides:

"All usable marijuana, plants, seedlings and seeds associated with the production of marijuana for a registry identification cardholder by a person responsible for a marijuana grow site are the property of the registry identification cardholder and must be provided to the registry identification cardholder upon request."

In his motion, defendant also asserted that the OMMA return provision, ORS 475.323(2), "recognizes broad property interests for both Defendant and the [other cardholders]." ORS 475.323(2) provides:

---

[3] The record does not disclose whether the other cardholders faced any charges with respect to the seizure.

"Any property interest possessed, owned or used in connection with the medical use of marijuana or acts incidental to the medical use of marijuana that has been seized by state or local law enforcement officers may not be harmed, neglected, injured or destroyed while in the possession of any law enforcement agency. A law enforcement agency has no responsibility to maintain live marijuana plants lawfully seized. No such property interest may be forfeited under any provision of law providing for the forfeiture of property other than as a sentence imposed after conviction of a criminal offense. Usable marijuana and paraphernalia used to administer marijuana that was seized by any law enforcement office shall be returned immediately upon a determination by the district attorney in whose county the property was seized, or the district attorney's designee, that the person from whom the marijuana or paraphernalia used to administer marijuana was seized is entitled to the protections contained in ORS 475.300 to 475.346. The determination may be evidenced, for example, by a decision not to prosecute, the dismissal of charges or acquittal."

The sheriff opposed defendant's motion, contending that

"any order directing him to deliver marijuana to the defendant or to any [OMMA] cardholder would violate the [CSA] and would put him in a Hobson's Choice (or a 'damned if you do, damned if you don't' bind), whereby he would be forced to choose to either honor the order and thereby violate the CSA, or honor the CSA and thereby violate the order."

The sheriff asserted that, "as applied to marijuana, the delivery provisions of the OMMA and ORS 133.633 violate the CSA and are thus invalid under the Supremacy Clause of the United States Constitution." As support for that proposition, the sheriff relied, significantly, on *Emerald Steel Fabricators, Inc. v. BOLI*, 348 Or 159, 230 P3d 518 (2010), which the Supreme Court had decided while defendant's motion was pending. In *Emerald Steel Fabricators, Inc.*, the Supreme Court held that certain provisions of the OMMA, ORS 475.306(1) and ORS 475.302(10),[4] in tandem

---

[4] ORS 475.306(1) provides:

"A person who possesses a registry identification card issued pursuant to ORS 475.309 may engage in, and a designated primary caregiver of such a

"affirmatively authorize[] the use of marijuana for medical purposes," *id.* at 171, and that, "[t]o the extent that ORS 475.306(1) affirmatively authorizes the use of medical marijuana, federal law [*viz.*, the CSA] preempts" that provision, rendering it "without effect," *id.* at 178 (internal quotation marks omitted).

The trial court allowed defendant's motion and ordered the sheriff to return eight ounces of packaged marijuana to defendant, his wife, and three cardholders:

> "Pursuant to ORS 475.304(5), ORS 475.323(2), ORS 133.623, et seq, and 133.643 Douglas County Sheriff shall return Eight (8) ounces of packaged marijuana seized from Mr. Ehrensing's property to each [named] individual[.]"[5]

The trial court, by way of a supplemental order, later increased to 24 ounces the amount of marijuana to be returned to each individual.

The sheriff appeals both orders and essentially reprises his arguments before the trial court.[6] *First*, the sheriff asserts that the return order instructs him to violate the CSA, because returning the marijuana would constitute prohibited delivery of a controlled substance. 21 USC § 841(a)(1). In that regard, the sheriff contends that he is not entitled to federal immunity pursuant to 21 USC section

---

person may assist in, the medical use of marijuana only as justified to mitigate the symptoms or effects of the person's debilitating medical condition."

ORS 475.302(10) provides:

"'Registry identification card' means a document issued by the authority that identifies a person authorized to engage in the medical use of marijuana and the person's designated primary caregiver, if any."

[5] In so ruling, the trial court stated that it would "follow the Law of the case," as established by the judge who had issued the return order that was challenged in *Ehrensing I*. The trial court reasoned:

"Whether I agree or disagree with [the prior judge's] decision, he's already done it. It's not been overturned. It was considered moot at one point but he's established the law in this particular case, so for those reasons only I'm going to not deviate from the approach he took because that's his case, that was the approach. There's nothing that's been overturned on it. So I'm going to grant the return subject to the issue that I'm following the law of the case in this particular case, so I'm actually not getting to the merits of everything other than I'm following what I perceive to be the law of the case."

[6] The return order was stayed by supersedeas undertaking. ORS 19.335.

885(d)[7] because, according to the sheriff, "a law enforcement officer is not 'lawfully engaged' in enforcement of controlled substances law if he delivers marijuana" to a cardholder.[8]

*Second*, the sheriff argues that, to the extent that the possession provisions of the OMMA, specifically, ORS 475.304(5) and ORS 475.323(2), and the omnibus evidence return provisions, ORS 133.623 to 133.663, operate so as to authorize possession of marijuana, those provisions are "without effect" because they are preempted by the CSA, which prohibits the possession of marijuana. Undergirding the sheriff's position is his reiterated reliance on *Emerald Steel Fabricators, Inc.*

Defendant similarly reprises his arguments before the trial court. In response to the sheriff's "compelled unlawful delivery" argument, defendant remonstrates that the CSA, 21 USC section 885(d), provides immunity for law enforcement officers "engaged in the enforcement of laws relating to controlled substances," and asserts that the return of marijuana pursuant to the OMMA or the omnibus evidence return provisions falls within the scope of that immunity.[9] Further, defendant contends that the return

---

[7] 21 USC section 885(d) provides:

"Except as provided in sections 2234 and 2235 of Title 18, no civil or criminal liability shall be imposed by virtue of this subchapter upon any duly authorized Federal officer lawfully engaged in the enforcement of this subchapter, or upon any duly authorized officer of any State, territory, political subdivision thereof, the District of Columbia, or any possession of the United States, who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances."

[8] In advancing that "compelled unlawful delivery" argument, the sheriff acknowledges that his position is irreconcilable with the result in *State v. Kama*, 178 Or App 561, 39 P3d 866, *rev den*, 334 Or 121 (2002), in which we affirmed a judgment, entered pursuant to ORS 475.323(2), directing the City of Portland "to return to [the] defendant a small amount of marijuana that he is entitled to possess under [the OMMA]." *Id.* at 563-64. Nevertheless, the sheriff urges us to revisit *Kama* in light of subsequent federal decisions, including *U.S. v. Rosenthal*, 266 F Supp 2d 1068, 1078 (ND Cal 2003), *aff'd in part, rev'd in part*, 445 F3d 1239, *amended and superseded*, 454 F3d 943 (9th Cir 2006).

[9] In that respect, defendant refers to the Ninth Circuit's characterization of *Kama* in its *Rosenthal* opinion:

"In [*Kama*], the state law *mandated* the return of marijuana to the individual from whom the marijuana had been seized, and therefore the officers in question were 'enforcing' the state law that *required* them to deliver the marijuana to that individual because he had a state-law right to its return."

454 F3d at 948 (emphases in *Rosenthal*).

statutes do not impermissibly "affirmatively authorize" possession, triggering preemption *vis-à-vis* the CSA, because defendant may legally possess the seized marijuana under state law—and, thus, the sheriff need not concern himself with giving effect to the federal prohibition.

With the dispute so joined, we turn to the merits. In doing so, however, we begin—and end—our analysis at a point that necessarily precedes any consideration of the parties' cross-cutting preemption contentions. Preemption principles are implicated only if defendant is, in fact, entitled under operative Oregon statutes to return of the marijuana. That is, if, as a matter of Oregon law, defendant has no such entitlement, the matter is concluded and preemption is inapposite.

As amplified below, we conclude that defendant has no entitlement under Oregon law to return of the marijuana. That is so because (1) express statutorily prescribed preconditions of the particularized OMMA "return" provision, ORS 475.323(2), were not satisfied here; and (2) the omnibus "evidence return" provisions—and, specifically, ORS 133.643—do not authorize return of items whose possession would be unlawful under either state or federal law. Accordingly, the trial court erred in entering the return orders.

In ordering the return of the disputed marijuana, the trial court stated that it was doing so "[p]ursuant to ORS 475.304(5), ORS 475.323(2), ORS 133.623, et seq, and 133.643." We address each of those provisions in turn.

First, although the trial court referred to ORS 475.304(5), defendant does not claim that that provision confers an entitlement to return of the seized marijuana. Defendant's reticence in that regard is well-considered for the reasons expressed in the concurring opinion in *Ehrensing I*:

"ORS 475.304(5) is part of a statute that establishes the marijuana grow site registration system and rules. Properly framed in that context, ORS 475.304(5) establishes, *as between a cardholder and a person responsible for a grow site*, that the cardholder is the owner of the medical

marijuana. The statute plainly provides that the marijuana in production at a grow site 'must be provided to the registry identification cardholder' by the 'person responsible for a marijuana grow site.' By its terms, ORS 475.304(5) clarifies who owns the marijuana in order to grant the cardholder the right to obtain the marijuana *from the grower on request*. Because that statutory provision bears exclusively on *the relationship between cardholder and grower*, it has limited value in evaluating the obligation of a law enforcement officer to return seized marijuana under ORS 475.323(2)."

232 Or App at 521 (Sercombe, J., concurring) (emphases added).

The trial court's reliance on ORS 475.323(2) was also misplaced. Although ORS 475.323(2) does provide for the return of seized marijuana, it does so only in specifically prescribed circumstances:

"Usable marijuana and paraphernalia used to administer marijuana that was seized by any law enforcement office shall be returned immediately *upon a determination by the district attorney in whose county the property was seized*, or the district attorney's designee, *that the person from whom the marijuana or paraphernalia used to administer marijuana was seized is entitled to the protections contained in ORS 475.300 to 475.346*. The determination may be evidenced, for example, by a decision not to prosecute, the dismissal of charges or acquittal."

(Emphases added.) Here, there is no evidence that the district attorney or the district attorney's designee made the requisite determination with respect to defendant (or the other cardholders).

To be sure, the *trial court* dismissed the charges against defendant on statutory speedy trial grounds; nonetheless, that judicial determination does not fulfill the express statutory requisite for the return of seized marijuana under ORS 475.323(2). Here, a judicial dismissal pursuant to ORS 135.747, for lack of speedy trial, is a dismissal without prejudice[10] and does not address the merits and, thus, is not

---

[10] ORS 135.753(2) provides:

"An order for the dismissal of a charge or action, as provided in ORS 135.703 to 135.709 and 135.745 to 135.757, is a bar to another prosecution for

tantamount to an acquittal, *see generally* ORS 131.535(2)(b) (providing that a dismissal of the accusatory instrument "upon any pretrial motion" "will not constitute an acquittal of the same offense"); nor did the district attorney in this case determine not to prosecute or to dismiss the charges— and defendant does not so argue.

ORS 133.623, which the trial court also referenced, applies only to warrantless seizures.[11] Consequently, it is also inapposite.

Thus, the inquiry with respect to purported authority for return of the seized marijuana narrows to the omnibus evidence return provision, ORS 133.643. That statute provides:

"A motion for the return or restoration of things seized shall be based on the ground that the movant has a *valid claim to rightful possession* thereof, because:

"(1)   The things had been stolen or otherwise converted, and the movant is the owner or rightful possessor;

"(2)   The things seized were not in fact subject to seizure under ORS 131.550 to 131.600 or 133.525 to 133.703;

"(3)   The movant, by license or otherwise, is *lawfully entitled to possess* things otherwise subject to seizure under ORS 133.525 to 133.703;

"(4)   Although the things seized were subject to seizure under ORS 133.525 to 133.703, the movant is or will be entitled to their return or restoration upon the court's determination that they are no longer needed for evidentiary purposes; or

"(5)   The parties in the case have stipulated that the things seized may be returned to the movant."

the same crime if the crime is a Class B or C misdemeanor; but it is not a bar if the crime charged is a Class A misdemeanor or a felony."

Defendant was charged with committing four felonies related to the seized marijuana. ORS 475.856; ORS 475.860; ORS 475.864.

[11] ORS 133.623(1) provides that "[t]he provisions of subsections (2), (3) and (4) of this section apply to all cases of seizure, *except for a seizure made under a search warrant.*" (Emphasis added.)

(Emphases added.)[12] Thus, ORS 133.643 includes five disjunctive triggers for return of items seized. Only two of those "triggers"—ORS 133.643(3) and (4)—are even arguably applicable in the circumstances of this case.[13] Whether those provisions apply in this case, triggering an entitlement to return of the disputed marijuana, turns on the meaning of "claim to rightful possession" and "lawfully entitled to possess."

In construing those statutory terms, we employ the familiar *PGE/Gaines* methodology, examining the text, context, and pertinent legislative history so as to discern and effectuate the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993); *see also Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties.").

As noted, a movant is entitled to return of seized property pursuant to ORS 133.643(3) only if he or she "is lawfully entitled to possess" that property. Although the text of ORS 133.643(4) does not also include the term "lawfully," in conjunction with its use of "entitled," we have held that, in the totality of the statutory context, "entitled" in subsection (4) necessarily connotes and requires a showing of *lawful* entitlement to possession. *Filipetti v. Dept. of Fish and Wildlife*, 224 Or App 122, 132, 197 P3d 535 (2008) (concluding that the movants had failed to establish entitlement to return of "Snowball," a black-tailed doe deer, pursuant to ORS 133.643(4), because "at the time the court

_____

[12] ORS 133.633(1) addresses *who* may move for return of things seized and provides, in part:

"(a) An individual from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises from which they were seized.

"(b) Any other person asserting a *claim to rightful possession* of the things seized may move the appropriate court to restore the things seized to the movant."

(Emphasis added.)

[13] For example, defendant does not contend—and the trial court never determined—with respect to the marijuana at issue here, that it was not subject to seizure pursuant to the statutes enumerated in ORS 133.643(2).

granted [the] motion, [the movants] could not lawfully possess the doe").

In adopting that construction, and so holding, in *Filipetti*, we canvassed the "ordinary meaning" of the statutory language, the statutory context, including the language of subsection (3), and, ultimately, the legislative history of ORS 133.643. We synthesized and summarized that legislative history—which proved decisive—as follows:

> "The legislature enacted ORS 133.643 in 1973 as part of the Criminal Law Revision Commission's revision of the Criminal Procedure Code. *The commentary to that revision discloses that the legislature did not intend a motion for return or restoration of things seized to serve as a vehicle for the return of things seized to a movant who could not lawfully possess them.*
>
> "* * * * *
>
> "Finally, and dispositively, the commission emphasized that it did not intend the state to return items that were unlawful for the movant to possess, no matter how the state came into possession of them:
>
> > "'In most if not all circumstances, the legality of the search or seizure is not relevant to disposition of a motion for return or restoration of the property. *If possession of the things seized is unlawful, the state retains the things no matter how it got them.*'
>
> "[Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Procedure Code, Preliminary Draft No 2, Part II, Art 5 § 23, 66 (Nov 1971)] (emphasis added). That legislative history demonstrates conclusively that the legislature intended for the state to retain items seized if the movant's possession of them would be unlawful."

224 Or App at 130-31 (second emphasis in original; first emphasis added). We thus concluded that

> "a party seeking to compel the return or restoration of seized property based on a 'valid claim to rightful possession' pursuant to ORS 133.643(4) must establish that (1) the item is 'no longer needed for evidentiary purposes' and (2) the

person is 'entitled' to the return or restoration of—that is, can lawfully possess—the item sought to be recovered."

*Id.* at 132.[14]

Given the express "lawfully entitled" language of ORS 133.643(3) and our construction in *Filipetti* of ORS 133.643(4), our interpretive inquiry reduces, finally, to whether *"lawful possession"* refers to both state and federal law. That is, whether ORS 133.643(3) and (4) authorize return of seized property only if the movant's possession of that property would not violate either state or federal law (here, the CSA).

We conclude, consistently with the statutory text and the legislative history set out above, that "lawfully entitled" encompasses both state and federal law. We note first that that term is textually unqualified. Further, the legislative history regarding the intent "for the state to retain items seized if the movant's possession of them would be unlawful," *Filipetti*, 224 Or App at 131, is similarly unqualified. Indeed, there is no reason to believe that the legislature, in enacting the omnibus evidence return provisions in 1971, intended to compel the return of items to persons whose possession would violate federal law.[15] Finally, construing ORS 133.643 in such a fashion as to authorize—indeed, compel—the return of items whose possession would violate federal law could, as the parties' preemption-related contentions manifest, give rise to "serious constitutional problems." *See Bernstein Bros. v. Dept. of Rev.*, 294 Or 614, 621, 661 P2d 537 (1983) ("It is axiomatic that we should construe and interpret statutes

---

[14] In *Filipetti*, we noted that "certain types of controlled substances and weapons[] can be *lawfully* possessed, but only under certain, *legally specified conditions*—and, unless those conditions are satisfied, possession of the item is unlawful." 224 Or App at 131 (emphasis omitted; emphases added). We further observed, albeit parenthetically, that ORS 475.309(1) "except[s] persons who hold a registry identification card and who meet medical marijuana possession amounts from the criminal laws of the state for possession of marijuana." 244 Or App at 131 n 2. In making that observation, we had no occasion to address the question presented here—and, in all events, that observation was not necessary to the proper analysis and disposition in *Filipetti*.

[15] Of course, the enactment of ORS 133.623 to 133.663, Oregon Laws 1973, chapter 836, sections 109 to 113, long antedated the OMMA's enactment in 1998, Oregon Laws 1999, chapter 4.

in such a manner as to avoid any serious constitutional problems." (Internal quotation marks omitted.)).

ORS 133.643 does not authorize the return of the disputed marijuana, because possession of that marijuana by defendant and the other cardholders would violate federal law. Nor does any other statute authorize that return. Accordingly, the trial court erred in entering the return orders.

Reversed on appeal; affirmed on cross-appeal.