LAGESEN, P. J.
*1194 *502 At issue in this administrative rule review proceeding under ORS 183.400 are sections (2) and (3) of OAR 410-141-3060, the administrative rule of the Oregon Health Authority (OHA) governing enrollment in coordinated care organizations (CCOs). Those sections identify specific populations that are prohibited from enrolling in CCOs. Petitioner contends that OHA lacked statutory authority to promulgate them. We hold OAR 410-141-3060(2) and (3) valid.
We start with the relevant statutory background. The legislature has established that OHA administers Oregon's medical assistance program: "[OHA] shall * * * [b]e the state Medicaid agency for the administration of funds from Titles XIX and XXI of the Social Security Act and administer medical assistance under ORS chapter 414[.]" ORS 413.032(1)(i). Under ORS 414.065(1)(a)(A), OHA, in administering medical assistance under ORS chapter 414, must "determine, subject to such revisions as it may make from time to time * * * [t]he types and extent of health care and services to be provided to each eligible group of recipients of medical assistance." Further, OHA must do so in a manner that comports with federal requirements for receipt of federal funds: "The Department of Human Services or the Oregon Health Authority shall determine eligibility for medical assistance according to criteria prescribed by rule and in accordance with the requirements for securing federal financial participation in the costs of administering Titles XIX and XXI of the Social Security Act." ORS 411.404(1). Finally, the legislature has given OHA broad rulemaking authority to carry out the statutes it is charged with administering:
"In accordance with applicable provisions of ORS chapter 183, the Director of the Oregon Health Authority may adopt rules necessary for the administration of the laws that the Oregon Health Authority is charged with administering."
ORS 413.042.
CCOs play a central role in the administration of medical assistance. ORS 414.651(1)(a) (requiring that OHA
*503 "use, to the greatest extent possible, coordinated care organizations to provide fully integrated physical health services"). As a general rule, "a person who is eligible for or receiving health services must be enrolled in a [CCO] to receive the health services for which the person is eligible." ORS 414.631(1). However, ORS 414.631(2) exempts certain populations of people from the mandatory CCO enrollment requirement and also authorizes OHA to exempt other populations by rule:
"Subsections (1) and (4) of this section do not apply to:
"(a) A person who is a noncitizen and who is eligible only for labor and delivery services and emergency treatment services;
"(b) A person who is an American Indian and Alaskan Native beneficiary;
"(c) An individual described in ORS 414.632 (2) who is dually eligible for Medicare and Medicaid and enrolled in a program of all-inclusive care for the elderly; and
"(d) A person whom the Oregon Health Authority may by rule exempt from the mandatory enrollment requirement of subsection (1) of this section, including but not limited to:
"(A) A person who is also eligible for Medicare;
"(B) A woman in her third trimester of pregnancy at the time of enrollment;
"(C) A person under 19 years of age who has been placed in adoptive or foster care out of state;
"(D) A person under 18 years of age who is medically fragile and who has special health care needs;
"(E) A person receiving services under the Medically Involved Home-Care Program created by ORS 417.345 (1) ; and
"(F) A person with major medical coverage."
OAR 410-141-3060, the rule at issue in this case, is OHA's rule governing enrollment in CCOs. Petitioner challenges sections (2) and (3) of the rule. Those sections identify populations that not only are exempt from the mandatory *504 CCO enrollment requirement, but are prohibited from CCO enrollment:
"(2) Pursuant to ORS 414.631, the following populations may not be enrolled *1195 into a CCO for any type of health care coverage including:
"(a) Persons who are non-citizens and are Citizen/ Alien Waivered-Emergency Medical program eligible for labor and delivery services and emergency treatment services;
"(b) Clients receiving premium assistance through the Specified Low-Income Medicare Beneficiary, Qualified Individuals, Qualified Disabled Working Individuals and Qualified Medicare Beneficiary programs without other Medicaid;
"(c) Persons who are dually eligible for Medicare and Medicaid and enrolled in a program of all-inclusive care for the elderly.
"(3) The following populations may not be enrolled into a CCO under the following circumstances:
"(a) Newly eligible clients are exempt from enrollment with a CCO but not exempt from enrollment in a [dental care organization (DCO) ] if they became eligible when admitted as an inpatient in a hospital. The client shall receive health care services on a fee-for-service (FFS) basis only until the hospital discharges the client. The individual shall receive dental services through the DCO;
"(b) The client is covered under a major medical insurance policy or other third party resource (TPR) that covers the cost of services to be provided by a PHP as specified in ORS 414.631 and except as provided for children in Child Welfare through the Behavior Rehabilitation Services (BRS) and Psychiatric Residential Treatment Services (PRTS) programs outlined in OAR 410-141-3050. A client shall be enrolled with a DCO even if they have a dental TPR."
OAR 410-141-3060.
The excluded populations consist of persons who are not eligible to receive medical assistance, who are subject to restrictions on receipt of medical assistance under state and federal law, or for whom medical assistance is provided through an alternative means.
*505 Petitioner contends that OHA was not authorized to promulgate those provisions. As we understand petitioner's argument, petitioner asserts that the challenged provisions were not within OHA's statutory authority to enact because, in petitioner's view, no statute gave OHA the authority to exclude certain populations from CCO enrollment. Although petitioner acknowledges that, through ORS 414.631, OHA has the authority to exempt certain populations from mandatory CCO enrollment, that authority does not extend so far as excluding certain populations from CCO enrollment.
Even if petitioner is right that ORS 414.631 does not itself confer upon OHA the authority to exclude certain populations from CCO enrollment, petitioner has not shown that OHA lacked statutory authority to promulgate the challenged rules, as he must to establish the invalidity of a rule under ORS 183.400. In analyzing a challenge to an administrative rule under ORS 183.400, we first ask whether the agency had authority to promulgate the type of rule at issue. Nay v. Dept. of Human Services , 360 Or. 668, 680-81, 385 P.3d 1001( 2016). If we conclude that the challenged rule is within the scope of the agency's general authority, we then assess whether the rule "departed from a legal standard expressed or implied in the particular law being administered, or contravened some other applicable statute." Planned Parenthood Assn. v. Dept. of Human Res. , 297 Or. 562, 565, 687 P.2d 785 (1984).
Here, the challenged provisions were within OHA's general authority. As explained, the legislature gave OHA the job of administering medical assistance under ORS chapter 414, and also gave OHA the broad authority to promulgate rules necessary to administer the statutes that it is charged with administering. ORS 413.032(1)(i) ; ORS 413.042.[1] Those grants of authority are unequivocal. Beyond that, petitioner has identified no statutory provision or legal standard contravened by the challenged provisions of *1196 the rule, as it was incumbent upon petitioner to do to establish *506 the invalidity of the rules. Again, even if petitioner is correct that ORS 414.631 does not itself provide authority for OHA to exclude the specified populations from CCO enrollment, petitioner has identified nothing in the balance of the applicable statutes that suggests to us that the legislature intended to preclude OHA from making such a choice in exercising its delegated powers to administer medical assistance. On the contrary, it appears that the challenged provisions, at least in part, are necessary to ensure that Oregon's program comports with federal law, as the legislature has directed OHA to do.
OAR 410-141-3060(2) and (3) held valid.

Petitioner suggests that ORS 413.042 cannot supply authority for the challenged rules because it was enacted before the legislation specifically addressing CCOs was enacted, and also because, at one point, it was not listed as a source of authority for the rule in the Oregon Bulletin . Petitioner identifies no support for those propositions, and we reject them without further discussion.