Submitted September 1, OAR 165-014-0005(3) held valid November 1, 2023

GREG WASSON,
an elector of the City of Salem,
*Petitioner,*

*v.*

SHEMIA FAGAN,
Secretary of State of the State of Oregon,
*Respondent.*

Secretary of State
A179573

538 P3d 911

In this rule challenge, petitioner challenges the validity of a provision of the Secretary of State's "County, City, and District Initiative and Referendum Manual," adopted by OAR 165-014-0005(3), that sets forth the statutorily mandated signature requirements for certain areas. See ORS 255.165. Petitioner contends that the rule, which assigns different signature requirements for initiative and referendum petitions to different geographic areas, violates the Oregon Constitution and exceeds the agency's statutory authority. *Held*: The Court of Appeals concluded that petitioner failed to meet his burden to show that the rule fell outside of the Secretary of State's authority to enact. The court further concluded that petitioner's constitutional challenge was without merit.

OAR 165-014-0005(3) held valid.

Greg Wasson filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

OAR 165-014-0005(3) held valid.

**KAMINS, J.**

In this rule challenge under ORS 183.400, petitioner challenges the validity of a provision of the Secretary of State's "County, City, and District Initiative and Referendum Manual," adopted by OAR 165-014-0005(3), that sets forth the statutorily mandated signature requirements for certain areas. *See* ORS 255.165 (establishing different signature requirements for different geographic areas). We hold OAR 165-014-0005(3) valid.

The challenged rule sets forth requirements for filing prospective initiative and referendum petitions in Oregon counties, cities, districts, and metro districts. *See* OAR 165-014-0005(3) (designating the "County, City, and District Initiative and Referendum Manual revised 02/2022 and associated forms as the procedures * * * and forms to be used for the local initiative and referendum process"); Elections Division, Oregon Secretary of State, *County, City, and District Initiative and Referendum Manual* 5 (Feb 2022). As relevant to this appeal, the manual specifies the number of signatures needed to file prospective petitions in each of those locations (signature requirement distinction), with signature requirements based on percentages of votes cast for governor in the most recent general election in the relevant city, county, or district. *Id*. The signature requirement distinction imposes a higher signature percentage on Oregon districts (districts) (15 percent for initiative petitions and 10 percent for referendum petitions) than on "Portland, a metropolitan service district organized under ORS chapter 268, a school district with more than 40,000 pupils, or a mass transit district in a metropolitan statistical area with a population exceeding 400,000" (metro districts) (six percent for initiative petitions and four percent for referendum petitions). Petitioner is concerned that this distinction violates the principle of one person, one vote derived from the state and federal constitutions, *see In re Oregon Tunnel Dist. No. 1*, 120 Or 594, 598-600, 253 P 1 (1927), by inflating initiative power in metro districts.

We may invalidate a rule only if the agency's adoption of the rule violates the constitution, exceeds its statutory authority, or failed to comply with applicable rulemaking procedures. ORS 183.400(4). Here, petitioner asserts

that the signature requirement distinction violates a constitutional provision and exceeds the statutory authority of the Secretary of State (the Secretary).

Turning first to petitioner's statutory authority challenge, we conclude that OAR 165-014-0005(3) comports with Oregon constitutional and statutory requirements. Petitioner first asserts a violation of ORS 246.150,[1] the statute authorizing the Secretary to enact election rules, and second, he contends that the Secretary exceeded her statutory authority because the signature requirement distinction violates the Oregon Constitution. As we understand petitioner's first argument, petitioner asserts that the challenged provision was not within the Secretary's authority to enact because, in petitioner's view, the provision violates the mandates of ORS 246.150. However, while petitioner insists that the signature requirement distinction is neither correct nor impartial, he fails to identify how the signature requirement falls outside the scope of the Secretary's authority. Therefore, petitioner has not met his burden to show that the rule is inconsistent with the principles embodied in the Oregon Constitution and statutes. *See* Or Const, Art IV, § 1 (granting the legislature the authority to set requirements for local initiatives and referenda, including for different categories of geographical regions); Or Const, Art XI, § 14 (requiring metropolitan service districts to have the same signature threshold requirements as home rule counties); ORS 255.165 (setting forth the signature requirements for districts and metro districts, consistent with the foregoing constitutional authorities, and as the Secretary of State identified in the manual); *Adamson v. Oregon Health Authority*, 289 Or App 501, 505-506, 412 P3d 1193 (2017) (holding that, where the challenged rule is within the scope of the promulgating agency's authority and the petitioner fails to identify any authority that suggests that the legislature intended to preclude the agency from administering the rule, the rule is valid).

---

[1] ORS 246.150 provides:

"The Secretary of State may adopt rules the secretary considers necessary to facilitate and assist in achieving and maintaining a maximum degree of correctness, impartiality and efficiency in administration of the election laws."

Turning next to petitioner's constitutional challenge, the Equal Privileges Clause of the Oregon Constitution—Article I, section 20—guarantees that "[n]o law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens." Assuming the categories of voters identified in OAR 165-014-0005(5) amount to "classes," they are distinguished by geographical location and are not "suspect classes." Therefore, we review to determine whether there is a rational basis for the distinction. *See Cox v. State of Oregon*, 191 Or App 1, 4, 80 P3d 514 (2003) (explaining that a class based on geographic residence is not suspect, and that nonsuspect classes are reviewed for rational basis).

Under a rational basis standard, "laws are presumed to be valid," *Qwest Corp. v. Public Utility Commission*, 205 Or App 370, 385, 135 P3d 321 (2006), and "will satisfy Article I, section 20, as long as the classification bears some rational relationship to a legitimate end," *Gunn v. Lane County*, 173 Or App 97, 104, 20 P3d 247 (2001) (internal quotation marks, omission, and brackets omitted). To show that the classification bears no rational relationship to a legitimate end, the burden falls "on the one attacking the legislative arrangement to negative every conceivable basis which might support it ***." *Qwest Corp.*, 205 Or App at 385 (internal quotation marks omitted). However, the signature requirement distinction could serve the legitimate state goal of managing the volume of initiatives or referendums by requiring higher signature percentage thresholds in districts with fewer voters. Therefore, we conclude that the portion of OAR 165-014-0005(3) identified by petitioner withstands a rational basis review as applied to petitioner's argument.

OAR 165-014-0005(3) held valid.