166 December 31, 2025 No. 1136

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Samson DUMANOVSKIY,
*Plaintiff-Appellant,*

*v.*

OREGON YOUTH AUTHORITY,
*Defendant-Respondent.*

Marion County Circuit Court
22CV14440; A181340

Audrey J. Broyles, Judge.

Argued and submitted June 26, 2024.

Dori M. Brattain argued the cause for appellant. Also on the briefs were Kevin T. Lafky and Lafky & Lafky.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff appeals from a summary judgment dismissing his various tort claims against his employer, Oregon Youth Authority (OYA), relating to injuries sustained at work. Plaintiff contends that the trial court erred in concluding that his claims of OYA's violation of the Employer Liability Law (ELL), negligence, battery, assault, and intentional infliction of emotional distress (IIED) were barred by the Oregon Tort Claims Act (OTCA). The trial court held that plaintiff's claims fell under ORS 30.265(6)(a), the portion of the OTCA that grants a public body and its officers immunity from liability for "[a]ny claim for injury to or death of any person covered by any workers' compensation law." Plaintiff essentially asserts three arguments on appeal: (1) that the ELL creates an exception to the OTCA that covered his ELL claim; (2) that OTCA immunity does not extend to intentional torts under ORS 656.156(2); and (3) because plaintiff seeks noneconomic damages and equitable relief, his injuries are not "covered" by workers' compensation as understood in ORS 30.265(6)(a). We conclude that the trial court did not err in holding that OYA was entitled to immunity under the OTCA because (1) the ELL creates no such exception, (2) the workers' compensation law covers the types of legal injuries alleged here, and (3) that is the case even if certain claims and damages are not compensated. We therefore affirm.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (Internal quotation marks omitted). In so doing, "we view the facts in the light most favorable to the nonmoving part[y]," examining "whether no objectively reasonable juror could find in their favor on the question at issue." *Id.* We recite the facts in light of that standard.

Plaintiff alleges that, while employed by OYA and acting in the course of his employment, he was attacked by two youths in OYA custody who were attempting to steal his keys, free another youth, and escape custody. In the course

of the attack, one youth threatened plaintiff with a shank, and when plaintiff refused to hand over his keys, the two youths put him in a chokehold, took his keys and other personal belongings, and locked him in a bathroom. Another youth heard plaintiff struggling to free himself and helped him break down the door. OYA security arrived a few minutes later. Plaintiff sustained cuts to his face and lip, for which he later received medical attention. Plaintiff alleges that the security team was instructed not to call the police or an ambulance or other medical personnel to assist plaintiff, which delayed medical treatment and contributed to his mental distress.

Plaintiff alleges that one of the youths who attacked him, PA, was previously set to be moved to a facility operated by the Oregon Department of Corrections, and that OYA was negligent in not ensuring a timelier transfer. Plaintiff also alleges that OYA did not provide adequate safety training or protective equipment to deal with foreseeable assaults on staff. He contends that these actions or inactions constituted deliberate and intentional indifference to plaintiff's safety.

Plaintiff filed a workers' compensation claim for the incident and received payment for the compensable injuries to his face and lip in the amount of $1,428.21. He separately asserted his five civil claims for noneconomic damages of $500,000, alleging that those were to recover for a separate injury: his pain and suffering from the same incident.

We first address and reject plaintiff's assertion that the ELL created an exception to OTCA immunity for his ELL claim. The ELL imposes liability on "all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger" to "use every device, care and precaution that is practicable to use for the protection and safety of life and limb ***."[1] ORS 654.305. The parties agree that OYA is subject to liability under the ELL as plaintiff's employer, but they

---

[1] Plaintiff alleges that OYA breached the heightened duty to employees under the ELL by, among other facts incorporated into his other claims, failing to transfer youth in a timely manner, or failing to maintain policies and procedures to adequately train employees against attacks.

disagree about whether the ELL creates a separate cause of action that amounts to an exception to OTCA immunity.

We begin our analysis with necessary context from the OTCA. ORS 30.265(2) provides that "[t]he sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties * * * is an action under ORS 30.260 to 30.300," also referred to as the OTCA. That statutory framework further delineates the circumstances under which a public body is immune from liability, which includes "[a]ny claim for injury to or death of any person covered by any workers' compensation law." ORS 30.265(6)(a). Oregon's workers' compensation laws cover an employee injured on the job, "regardless of fault and without having to bring a lawsuit." *Crandall v. State*, 328 Or App 452, 458, 538 P3d 212 (2023), *rev allowed*, 372 Or 192 (2024); ORS 656.202(1) ("If any subject worker sustains a compensable injury, the worker * * * shall receive compensation as provided in this chapter, regardless of whether the worker was employed by a complying or non-complying employer.").

The ELL does not establish an exception to the OTCA, but simply "imposes a heightened statutory standard of care on a person or entity who either is in charge of, or responsible for, any work involving risk or danger." *Woodbury v. CH2M Hill, Inc.*, 335 Or 154, 159, 61 P3d 918 (2003). A claim under the ELL is still a tort claim that, when brought against a public body, would exclusively fall under the OTCA. ORS 30.265(2); *see also Sacher v. Bohemia, Inc*, 302 Or 477, 481, 731 P2d 434 (1987) (explaining that the ELL "gives rise to actions in negligence, but it does not create a cause of action in addition to that of the common law").

We next address plaintiff's contention that ORS 656.156(2) creates an exception for intentional torts to not only the exclusivity provision of the Workers' Compensation Act, ORS 656.018, but also an exception to a public body's immunity under the OTCA, ORS 30.625(6)(a). As explained below, that contention conflates the concepts of exclusivity and immunity and is not supported by those statutes or the case law.

The workers' compensation laws specify that injuries resulting from the deliberate intention of the employer are covered by workers' compensation, but also that the employee maintains the right to bring a separate cause of action against the employer. *See* ORS 656.156(2) ("If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker *** may take under this chapter, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes."). That provision provides an exception to the workers' compensation exclusivity provision set forth in ORS 656.018.

But even when a damage claim is permitted over and above workers' compensation benefits, that claim remains one that is "covered" by the workers' compensation laws as contemplated in OTCA's immunity provision, ORS 30.265(6)(a), and such immunity would still apply, even though an action for damages is not barred under the workers' compensation laws. An injury is compensable when it "aris[es] out of and in the course of employment requiring medical services or resulting in disability or death." ORS 656.005(7)(a). We have previously concluded that the word "covered" in ORS 30.265(6)(a) "refers to the types of *claims for legal wrongs* that were included in the *quid pro quo* substitution of workers' compensation coverage for common-law claims that could have been brought against an employer by employees for work-related harms." *Stone v. Finnerty*, 182 Or App 452, 459, 50 P3d 1179 (2002), *rev den*, 335 Or 422 (2003) (emphasis in original). Applying that reasoning in *Stone*, we held that legal claims involving physical and mental injuries are the types of claims "that the legislature intended to replace with a workers' compensation remedy." *Id.* at 459-60 (holding that while the plaintiff's battery claim was barred, his false imprisonment claim was not because it involved a distinguishable liberty interest, rather than a physical or mental injury).

Here, the legal injuries that plaintiff alleged under the ELL, and of negligence, battery, assault, and IIED, are all consistent with the types of legal wrongs resulting in

physical and mental injuries that are covered by workers' compensation. *See Crandall*, 328 Or App at 467 (holding that ORS 30.625(6)(a) barred the plaintiff's claims under the ELL and for negligence against a third-party employer); *Stone*, 82 Or App at 460 (holding that the legal injury in battery is one that is covered by workers' compensation). Thus, plaintiff's claims fall within the meaning of ORS 30.625(6)(a) and the trial court did not err in concluding that OYA was entitled to immunity.

Under a similar analysis, plaintiff's final argument that his claims should nevertheless survive because they allege noneconomic damages also fails. As we explained in *Stone*, the term "coverage" in ORS 30.625(6)(a) does not refer to the type or severity of the damages, but the nature of the legal injury. *Stone*, 182 Or at 458. Expanding on that principle, "where an injury is covered by workers' compensation benefits, such that an injured party receives compensation for the injury, the Supreme Court and our court have consistently viewed those benefits as a constitutionally sufficient remedy for purposes of Article I, section 10, * * * even when 'certain types of damage were not compensated' by the workers' compensation benefits." *Crandall*, 328 Or App at 466-67 (quoting *Stone*, 182 Or App at 462-63). Thus, pleading different damages cannot defeat the immunity afforded OYA by ORS 30.625(6)(a).

Affirmed.